Allen Murray Myers, J.
In this summary holdover proceeding, petitioner seeks to repossess commercial premises, having invoked the termination clause of the lease by reason of the tenant’s failure after due notice to remove a violation created by the tenant.
The primary issue before the court is whether the failure of the tenant to cure the violation after due notice allowed the landlord to accelerate the term of the lease under the termination clause.
The parties entered into a 6-year store lease on November 1, 1967. Pursuant to paragraph 43, a typewritten addition, the tenant was to submit municipally approved plans to the landlord for the installation of a new storefront and, upon the landlord’s approval of said plans, the tenant was to make the installation at its expense. The tenant submitted plans for a redwood front to the appropriate municipal authority which approved, instead, a metal storefront. The landlord approved the plans as approved by the Building Department. However, the tenant installed a redwood front, and on April 23, 1968 the landlord was served with a notice of violation of section C26-119.3 of the. Administrative Code by the Building Department (storefront erected of wood instead of metal and masonry as required).
Thereafter, the landlord and tenant negotiated for IV2 years for the installation of a new storefront. The landlord insisted upon metal of a conservative color while the tenant proposed various alternatives including stucco. The stucco was rejected by the landlord because of the potential danger of water damage. Although criminal proceedings were pending against the *769 landlord throughout this period, the tenant failed to cure the violation by removing the storefront. Paragraph 6 of the lease required the tenant to comply with all laws, orders and regulations of Federal, State, county and municipal authorities as well as directions of public officers empowered to impose violations.
Upon the continuance of the violation, the landlord invoked paragraph 17, the termination clause of the lease. This clause permitted the landlord to accelerate the term of the lease if the tenant failed to comply with a notice to remove the violation within 5 days.
On October 7, 1969, the landlord served the tenant with the required notice to cure the violation. The tenant did nothing. Thereupon, on October 24, 1969 the landlord served the notice terminating the lease effective October 28,1969. On October 25, the tenant sent the landlord a letter with proposed plans and on October 30,1969, it removed the redwood storefront, thereby clearing the violation.
The case of First Nat. Stores v. Yellowstone Shopping Center (21 N Y 2d 630) is controlling in this case. In that ease, the Court of Appeals refused to enjoin a landlord from instituting a summary proceeding where the landlord served the tenant with a 10-day notice to cure a violation or the lease would be terminated. The tenant failed to cure the violation within that period, but instead brought on an action for a declaratory judgment to determine whose responsibility it was to install a sprinkler system. In the meantime the landlord sent a notice to the tenant terminating the lease. The proceedings brought during the notice period did not contain a stay. The court held that the lease was terminated on the date provided in the notice, stating that (p. 637): “ Once the Appellate Division determined that the tenant had in fact defaulted by not installing the sprinkler system, the conclusion had to be drawn that the lease was terminated in accordance with its terms. The Appellate Division could not revive it ’ ’.
The instant case is virtually indistinguishable from the First Nat. Stores case (supra). The violations in both cases constituted fire hazards and the tenant failed to cure the defect within the notice period prescribed in the lease. If anything, this is a stronger case, because the tenant permitted the violation to continue for over 1% years when it could have been cured simply and inexpensively.
To argue that this violation is minimal and should not constitute the basis of a forfeiture is without merit. Matter of *770 Park East Land Corp. v. Finkelstein (299 N. Y. 70) is not analogous. That case concerns itself with standards for overruling the findings of an administrative agency (the rent commission) under the residential emergency rent law. There the court stated that it was not concerned with those concepts of landlord and tenant law applicable under ordinary conditions, with which we are concerned in this case (p. 75).
In order to overcome the result of the First Nat. case (supra), the tenant argues waiver and estoppel. Although it is possible for a landlord to waive the breach of a lease provision, all the acts of the landlord in this case indicate an intention to enforce the lease provision requiring the tenant to remove the violation. The question of waiver is primarily an issue of intent (Matter of Schoelkopf, 54 Misc. 31). The discussions over a period of 1% years regarding the removal of the violation were not intended to lull the tenant into a sense of security. Throughout, the landlord insisted that the tenant cure the violation in accordance with the requirements of paragraphs 6 and 43 of the lease. There was no evidence submitted which could support the finding of a waiver in this regard. The landlord’s acceptance of rent during the period of negotiations was in accordance with paragraph 24 of the lease, which states that such an acceptance of rent with knowledge of a breach shall not constitute a waiver of said breach, and subdivision 1 of section 711 of the Real Property Actions and Proceedings Law which permits the landlord to accept rent without prejudice to his rights after summary proceedings have been commenced. I find that the landlord never expressly or impliedly acquiesced in the breach (see Radcliffe Assoc. v. Greenstein, 274 App. Div. 277).
Tenant’s contention that the landlord was required to apply its $700 deposit toward the removal of the violation is a specious one. Paragraph 43 required that deposit as collateral security for a completion and payment bond which the tenant was required to post to insure proper completion of the storefront and payment therefor.
Contrary to the tenant’s assertions, this requirement in no way conflicts with or changes the provisions of paragraphs 6 and 17 of the lease. The provision is clear and unequivocal as to the purpose of the $700 deposit. Had the landlord used the money to clear the violation, it would have constituted a breach of his fiduciary responsibility.
The respondent contends that summary proceedings do not lie and that the petitioner was relegated to an action in ejectment, now known as a proceeding to recover real property, on *771 the ground that the' termination clause was a condition rather than a conditional limitation. In support of this proposition, the respondent cited Brause v. 2968 Third Ave. (41 Misc 2d 348) and the cases therein set forth. This argument is easily disposed of merely by pointing out that: (1) the Appellate Term, in affirming Brause, held as follows (43 Misc 2d 691): “ While the trial court erred in holding that the termination provision of the lease was a ‘ condition ’ rather than a 1 conditional limitation ’ (see, generally, Burnee Corp. v. Uneeda Pure Orange Drink Co., 132 Misc. 435; Ehret Holding Corp. v. Anderson Galleries, 138 Misc. 722), the court properly had jurisdiction of the subject matter so as to reach a decision on the merits.”
(2) The Court of Appeals in First Nat. Stores v. Yellowstone Shopping Center (21 N Y 2d 630, supra) in dealing with a similar clause, specifically held that summary proceedings would lie.
As the court there held (p. 638) “this clause allowed the landlord to accelerate the term of the lease if the tenant failed, after notice, to cure his default ” and once the lease was terminated by the appropriate notice it could not be revived. In this case the lease expired on October 28, 1969 in accordance with the terms of the notice accelerating the term of the lease to that date. The removal of the violation thereafter could not revive the lease.
Accordingly, judgment of possession is granted to the-petitioner. Warrant is stayed until June 30, 1970.