Bentley Kassal, J.
This is a summary proceeding wherein the landlord seeks to evict tenant as a holdover after the claimed termination of tenant’s lease for a bar and grill. The grounds for the termination consist of the tenant’s failure to cure a Department of Buildings violation pertaining to the premises until after due notice of the termination of the lease and after commencement of the summary proceedings, but before the trial.
The critical issue is whether the tenant’s violation of its lease covenant to comply with all ‘ ‘ requirements of law ’ ’, under these circumstances, is so substantial and gross as to warrant the termination of the lease.
*303 The lease in question was executed on May 1, 1967 and is an extension of a previous lease. On or about the same time, tenant had made certain alterations to premises, consisting of the installation of a new stairway, new kitchen and a raised platform. These were all completed at about that time. In October, 1968, the tenant filed for and received approval of plans for public assembly. However, the plans for the alterations which were filed were not approved at that time. Another set of plans were filed on November 13, 1969 and an amendment to the plans was submitted on January 27, 1970 and approved on February 17, 1970. Finally the permit was issued on February 19, 1970. The summary proceedings were commenced on February 13, 1970, and the trial of the issues herein took place on March 25, 1970.
The violation on record is dated October 6, 1967 and refers to certain conditions consisting of the installation of the new stairway from the cellar to the first floor and the raised platform. It states that the work was performed without a permit. The remedy set forth is “ file proper application and secure a permit from this Department at once.”
James Rahill, the sole stockholder of the tenant, testified that the sum of $7,000 had been expended in these completed improvements and that this bar and grill was his principal means of livelihood. There was other testimony, not critical to the basic issue herein, to the effect that landlord and tenant had had some discussions in 1969, after this landlord assumed ownership of premises, regarding a lease for the adjoining premises, all to form one premises. These never eventuated in a lease in that landlord rented the premises to another tenant.
In our case, the lease is the standard form of store lease, printed by the Real Estate Board of New York Inc., and contains the usual “requirements of law” provision (par. 6) whereby the tenant covenants, inter alia, to comply with all orders of municipal authorities, which clearly covers the violation in question herein. Furthermore, the landlord had in the past received a summons and paid a fine in the Criminal Court for same.
The landlord relies principally upon two cases as the foundation for the relief it seeks herein. These cases are First Nat. Stores v. Yellowstone Shopping Center (21 N Y 2d 630) and the decision of Judge Allen Murray Myers, Lewis v. Clothes Shade (62 Misc 2d 767). In the court’s opinion, there is a basic and significant feature which distinguishes those eases from the case at bar. The First Nat. and Lewis cases involved a substantial physical change and/or improvement which tenant had *304 agreed to perform for the premises and which it had failed to do. In the First Nat. case (supra) the tenant had the obligation to install a sprinkler system, which it failed to do. In the Lewis case (supra) the tenant had the obligation to install a metal storefront, which had been approved by the Building Department and the landlord. In spite of this, tenant installed a redwood front.
Judge Myers, in his opinion, stated the key distinctive feature in the Yellowstone and Lewis cases. On page 769 he wrote: “ The instant case is virtually indistinguishable from the First Nat. Stores case. The violations in loth cases constituted fire hazards and the tenant failed to cure the defect within the notice period prescribed in the lease. ’ ’ (Italics added.)
These are not the facts in our case where the violation itself did not constitute a fire hazard since the physical work had been done almost three years prior thereto. The violation was primarily technical, in that it resulted from the failure to file the plans and obtain a permit for the work long past done.
The law abhors a forfeiture of a lease and where, as here, no substantial injury resulted to the landlord for the failure to comply strictly, the tenant should not be unduly penalized. A forfeiture of the lease herein, particularly after the tenant’s expenditure of $7,000 for improvements, would be unduly harsh, especially in light of the fact that the condition complained of was not hazardous.
Where the covenants of lease are substantially performed and no substantial injury results to landlord from the failure to comply strictly, the tenant should not be subject to the severity of a forfeiture. (Ogden v. Hamer, 268 App. Div. 751; Riesenfeld, Inc. v. R-W Bealty Co., 223 App. Div. 140, 148; Janks v. Central City Roofing Co., 271 App. Div. 545, 548-549.)
Justice demands that in the case at bar the landlord should be made whole and the tenant should not be subjected to an unreasonable forfeiture. The circumstances disclose" the work had been long completed although there was a technical nonhazardous violation consisting of a failure to file approved plans for a permit. Clearly, the work done represents an improvement to the premises and enhances its value.
Therefore, the judgment of this court is that this lease violation is not that substantial a breach as to warrant the severe penalty of a forfeiture. While recognizing that the landlord has been compelled to pursue and pressure the tenant to remove this technical violation, has been obliged to respond to a summons in Municipal Term of Criminal Court and pay a fine and to commence and pursue this proceeding, the court is powerless *305 in this case, with the sole prayer for relief being for possession and interim use and occupancy, to reimburse the landlord for its damages. Paragraph 19 of the lease herein, entitled “ fees and expenses” delineates some of the landlord’s possible remedies by way of plenary action which it may pursue as it deems advisable.
The essence of this decision can be best captured by Gilbert and Sullivan: ‘ ‘ My object all sublime I shall achieve in time — To make the punishment fit the crime ” (The Mikado, act 2.)
Accordingly, judgment will be entered for tenant respondent dismissing the petition, without prejudice to the landlord taking appropriate action to recover for its damages.