■ LAKE ANNE REALTY CORP., Appellant, v DONALD SIBLEY et al., Respondents.—In an action to recover possession of certain real property, the plaintiff appeals from an order of the Supreme Court, Orange County (Green, J.), dated September 16, 1988, which denied its motion for summary judgment and, upon searching the record, granted summary judgment in favor of the defendants dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, as landlord, executed several leases with the defendants herein, as tenants, for the use of year-round vacation cottages. All of the leases were identical, and were for a term of 20 years, commencing in June 1977. The subject leases provided in paragraph "TENTH" as follows: "Tenant may make alterations, improvements and additions subject only to obtaining Town approval, if necessary". Over the years, the defendants made improvements to these cottages, at considerable cost, in the form of a porch or an additional room. Many of the defendants obtained building permits and received certificates of occupancy when the work was completed.

By letter dated April 3, 1987, the president of the plaintiff wrote to each of the defendants as follows:

"Please take notice that there has been placed a violation on your property by the Building & Zoning Inspector of the Town of Blooming Grove, as attached hereto. This is a result of your failure to obtain approval from the Building Inspector for the construction of the addition which you added to your house, and/or to obtain a variance before construction.

"Please take further notice that the above is a violation of Sec. Tenth of your lease which requires you to obtain approval of all additions etc.

"Please take further notice that you are to cure the above

matter within ten (10) days from date of the service of this notice. Should you fail to do so I will send you notice to terminate your lease".

The Town Building Inspector's violation notice, attached to the letter of the plaintiff's president, indicated that the "expansion[s]/addition[s]" made by the defendants constituted violations on the property since the required use variances had not been obtained. Thereafter, the defendants applied for the required use variances. By letter dated April 20, 1987, each of the defendants was notified that their respective leases were terminated for failure to cure. The instant action to evict the defendants was commenced in May 1987. During the ensuing months, the Zoning Board of Appeals of the Town of Blooming Grove conducted hearings on the defendants' applications for the required use variances. The plaintiff objected to the applications, but, on February 10, 1988, the Zoning Board of Appeals granted the applications, with the following pertinent findings:

"6. During the past 10 year period, each of the applicants have upgraded their premises by repairs or replacement to roofs, plumbing systems, heating systems, electrical systems and interiors. Decks or enclosed porches have been added to each of the applicants' respective cottages.

"7. In many instances, the objector, through its principal officers, assisted the applicants in making the renovations and improvements to their cottages.

"8. Fourteen of the nineteen applicants made improvements renovations and additions to their units after applying for and receiving building permits from the Building Inspector of the Town following which certificates of occupancy were issued. The remaining five applicants, unaware of the necessity of obtaining building permits and certificates of occupancy, proceeded with the encouragement and consent, either express or implied, of the property owner. * * *

"11. The applicants have expended sums of money ranging from several thousands of dollars to more than $10,000.00. Since the objector is the owner of the cottages, those improvements will ultimately inure to its benefit. To deny the variances and allow the objector to re-acquire possession of the units prior to the termination of the various lease terms would be inequitable and constitute an unjust enrichment to the objector.

"12. A denial of the applications would result in extreme economic hardship to the applicants who were, in many

instances, promoted and encouraged to make their improvements by the objector.

"13. The granting of the variances does not harm the public health, safety, morals and welfare of the community.

"14. The established character and the social and economic wellbeing of the property in question and public property has been enhanced by the additions and improvements made to the property by the applicants.

"15. The value of the buildings has not only been conserved but has been enhanced by virtue of the actions taken by the applicants."

It appears from the record that the plaintiff never challenged the determination of the Zoning Board of Appeals. Instead, in June 1988, it moved for summary judgment in the instant action for eviction.

The Supreme Court denied the plaintiff's motion for summary judgment, and, upon searching the record, granted the defendants summary judgment dismissing the complaint. We agree with the determination of the Supreme Court.

Initially, it should be noted that the subject leases do not contain express stipulations for termination or forfeiture in the event of a breach of the covenant contained in paragraph "TENTH". It is well settled that absent an express stipulation for a forfeiture, the breach of a covenant in a lease generally does not work a forfeiture of the lease term (see, 74 NY Jur 2d, Landlord and Tenant, §§ 773, 775; 49 Am Jur 2d, Landlord and Tenant, §§ 1020, 1021). Accordingly, the plaintiff's letters of April 3, 1987, and April 20, 1987, were of no effect. In any event, the facts presented in this record do not support the relief requested by the plaintiff. As the court stated in *Fly Hi Music Corp. v 645 Rest. Corp.* (64 Misc 2d 302, 304, *affd* 71 Misc 2d 302):

"The law abhors a forfeiture of a lease and where, as here, no substantial injury resulted to the landlord for the failure to comply strictly, the tenant should not be unduly penalized. A forfeiture of the lease herein, particularly after the tenant's expenditure of $7,000 for improvements, would be unduly harsh, especially in light of the fact that the condition complained of was not hazardous.

"Where the covenants of lease are substantially performed and no substantial injury results to landlord from the failure to comply strictly, the tenant should not be subject to the severity of a forfeiture *(Ogden* v. *Hamer,* 268 App. Div. 751; *Riesenfeld, Inc.* v. *R-W Realty Co.,* 223 App. Div. 140, 148;

*Janks* v. *Central City Roofing Co.,* 271 App. Div. 545, 548-549)" (*see also, Harar Realty Corp. v Michlin & Hill,* 86 AD2d 182, 185).

Accordingly, the complaint was properly dismissed. Mangano, J. P., Brown, Kooper and Sullivan, JJ., concur.