OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is affirmed, without costs.
In this nonpayment proceeding, the parties, on March 1, 2013, entered into a stipulation of settlement which provided, among other things, that landlord would have a final judgment awarding it possession and the sum of $4,904.26; that $660 thereof was paid that day; that the warrant would issue forthwith; and that execution of the warrant would be stayed to April 15, 2013 for payment of the balance plus April 2013 rent. In support of a motion seeking, among other things, to vacate the warrant for good cause shown, tenant showed that she had made diligent efforts to obtain assistance to pay the arrears; that she had a portion of the arrears; and that the remainder of $3,410.58 would be paid by Catholic Charities upon landlord’s provision of a W-9 form, but that landlord had refused to submit a W-9 form. Landlord opposed the motion, arguing that nothing in the stipulation required it to provide a W-9 form. The Civil Court granted the branch of tenant’s motion seeking to vacate the warrant for good cause shown, finding that landlord had breached the implied covenant of good faith and fair dealing and had frustrated tenant’s efforts to timely comply with the stipulation.
We affirm, albeit for somewhat different reasons.
The law abhors the forfeiture of leases (see e.g. Lake Anne Realty Corp. v Sibley, 154 AD2d 349, 351 [1989]), and it is the policy of this state to prevent unnecessary evictions, particularly of rent-stabilized tenants (see e.g. 2246 Holding Corp. v Nolasco, 52 AD3d 377, 378 [2008]; Sharp v Norwood, 223 AD2d 6, 11 [1996], affd 89 NY2d 1068 [1997]). Moreover, it is the policy of New York City to prevent unlawful discrimination against prospective and existing tenants (see Tapia v Successful Mgt. Corp., 79 AD3d 422 [2010]) based on any lawful source of income (see Administrative Code of City of NY §§ 8-101, 8-107 [5] [a] *73 [1]). In the instant case, as the funds necessary to satisfy the judgment were available, from a lawful source of income, and as landlord, without proffering a reason for its refusal, refused to provide a W-9 form so that the funds could be released, good cause has been shown to vacate the nonpayment warrant (see Monastery Manor v Donati, 28 Misc 3d 133[A], 2010 NY Slip Op 51335 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; 2720 LLC v White, 35 Misc 3d 1236[A], 2012 NY Slip Op 51023[U] [Civ Ct, Bronx County 2012]).
Accordingly, the order, insofar as appealed from, is affirmed. We note, however, that, where appropriate, the Civil Court should fashion relief by conditionally vacating the warrant so as to give the landlord a further opportunity to provide the necessary form.
Aliotta, J.P., Pesce and Solomon, JJ., concur.