Moses Portillo, Respondent, 
against
Heather Simpson, Appellant.




Heather Simpson, appellant pro se.
Robert P. Kelly, for respondent.

Appeals from a final judgment of the Justice Court of the Town of Eastchester, Westchester County (Janet M. Calano, J.), entered March 4, 2016, and from an order of that court entered July 15, 2016. The final judgment, after a nonjury trial, awarded landlord possession and the sum of $4,500 in a nonpayment summary proceeding. The order denied tenant's motion to vacate the warrant of eviction.




ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the appeal from the final judgment is dismissed as abandoned; and it is further, 
ORDERED that the order is reversed, without costs, and tenant's motion to vacate the warrant is granted.
Since tenant's brief fails to set forth any argument regarding her appeal from the final judgment dated March 4, 2016, that appeal must be dismissed as abandoned (see Ellner v Schwed, 48 AD3d 739 [2008]).
Following a nonjury trial in this nonpayment proceeding, the Justice Court awarded landlord possession and the sum of $4,500, and stayed execution of the warrant until March 31, 2016. Tenant failed to pay the judgment within that time period and subsequently moved to [*2]vacate the warrant for good cause. By order entered July 15, 2016, the Justice Court denied tenant's motion.
The law abhors the forfeiture of leases (see 2246 Holding Corp. v Nolasco, 52 AD3d 377, 378 [2008]; Sharp v Norwood, 223 AD2d 6, 11 [1996], affd 89 NY2d 1068 [1997]; see also Dino Realty Corp. v Khan, 46 Misc 3d 71 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Here, good cause was shown to vacate the warrant as the long-term tenant demonstrated that money to pay the arrears had been available prior to the execution of the warrant and that she had not paid the judgment within the time set forth by the court due to an injury which had temporarily prevented her from working (see e.g. Birchwood Ct. Owners, Inc. v Toner, 51 Misc 3d 133[A], 2016 NY Slip Op 50467[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Under the circumstances, the Justice Court should have granted tenant's motion.
Accordingly, the order is reversed and tenant's motion to vacate the warrant is granted.
GARGUILO, J.P., and RUDERMAN, J., concur.
TOLBERT, J., taking no part. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 08, 2018