116 Lenox Realty, LLC, Respondent
against
Maudell Smith, by her Mental Hygiene Law Article 81 Guardian, The Jewish Association Serving the Aging, Appellant.




Morris K. Mitrani, P.C. (Morris K. Mitrani of counsel), for appellant.
Balsamo & Rosenblatt, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Kevin C. McClanahan, J.), entered August 9, 2017. The order denied a motion by tenant Maudell Smith, incorrectly sued herein as Mandell Smith, by her Mental Hygiene Law article 81 guardian, The Jewish Association Serving the Aging, to direct landlord to provide the guardian with a completed W-9 tax form with taxpayer identification and building ownership information that matches the information on file with the Internal Revenue Service so that certain grant funds could be released, and for a stay of the execution of the warrant until 14 days after landlord provided the form, in a nonpayment summary proceeding.




ORDERED that the order is reversed, without costs, and the motion by tenant Maudell Smith, incorrectly sued herein as Mandell Smith, by her Mental Hygiene Law article 81 guardian, The Jewish Association Serving the Aging, is granted to the extent of staying the execution of the warrant until 14 days after landlord provides the guardian with a completed W-9 tax form with taxpayer identification and building ownership information that matches the information on file with the Internal Revenue Service; and it is further,
ORDERED that the Clerk of the Civil Court, or his or her designee, shall amend the caption to reflect that tenant's name is Maudell Smith and that she is appearing in the proceeding by her Mental Hygiene Law article 81 guardian, The Jewish Association Serving the Aging. 
In this nonpayment proceeding, tenant, Maudell Smith, incorrectly sued herein as Mandell Smith, by her Mental Hygiene Law article 81 guardian, The Jewish Association Serving the Aging (JASA), and landlord entered into a so-ordered stipulation on June 23, 2017 which required landlord to provide JASA with a W-9 tax form which would contain building ownership information and a taxpayer identification number that would match the information that the Internal Revenue Service (IRS) had on file, so that funds approved by the SEPS (Special Exit and Prevention Supplement) Program could be released to pay tenant's arrears. Notwithstanding landlord's failure to comply with this stipulation, the Civil Court denied JASA's motion to compel the provision of the W-9 form and for a stay until landlord provided the form. We reverse.
In our view, the so-ordered stipulation in which landlord agreed to provide a proper W-9 form, which stipulation has not been set aside, must be enforced (see Dino Realty Corp. v Khan, 46 Misc 3d 71 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Monastery Manor v Donati, 28 Misc 3d 133[A], 2010 NY Slip Op 51335[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010]). Accordingly, the order is reversed and tenant's motion is granted to the extent of staying the execution of the warrant until 14 days after landlord provides JASA with a completed W-9 tax form with taxpayer identification and building ownership information that matches the information on file with the IRS.
As the record indicates that tenant's proper name is Maudell Smith and that she is appearing in the proceeding by her Mental Hygiene Law article 81 guardian, The Jewish Association Serving the Aging, the Clerk of the Civil Court, or his or her designee, is directed to amend the caption to reflect that tenant's name is Maudell Smith and that she is appearing in the proceeding by her Mental Hygiene Law article 81 guardian, The Jewish Association Serving the Aging (see CPLR 5019 [a]), and we have amended the caption of the appeal accordingly. 
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018