OPINION OF THE COURT
Per Curiam.
Order dated September 24, 1992 affirmed, with $10 costs.
In this nonpayment summary proceeding commenced in December 1991, tenant Heim experienced difficulty in arranging for assistance from the Department of Social Services, resulting in his default in payments required under three separate stipulations of settlement. The entire amount of the outstanding arrears and all ancillary fees were tendered to the landlord on or about September 29, 1992, within eight days of the due date agreed upon in the parties’ final stipulation. While there was delay in the resolution of this matter, the Housing Judge (who had charge of the case since its inception) properly exercised his discretion in the circumstances presented so as to avoid a forfeiture of the long-term rent-stabilized tenancy.
Nor do we agree with the petitioner landlord that “policy considerations” justify the adoption of a “hard and fast rule” for use in determining when and under what circumstances the Judges of the Civil Court may sign an ex parte order to show cause brought by a residential tenant seeking relief from a default in payment under a stipulation settling a nonpayment proceeding. Under this landlord’s formulation of such a rule, the determinative factor would be the number of prior requests for similar relief made by the tenant, with the court effectively stripped of its inherent discretion in such matters once the tenant has brought on some arbitrarily determined number of prior applications. While the number and frequency of a tenant’s prior requests for relief is one factor to be considered in passing upon a given show cause order, it is not, nor should it be the only factor. Each application requires a sui generis inquiry devoted to the particular facts and circumstances of the case then before the court, including the extent *984 of the delay and the nature and amount of the payment default(s), as well as a delicate balancing of the equities between the parties, an approach wholly at odds with the rigid formula here advanced by the landlord. Based upon the record in this case we cannot say that the grant of tenant’s final show cause order of September 22, 1992 — the first such application by the tenant following execution of the parties’ final settlement stipulation — was an abuse of discretion as a matter of law.
Parness, J. P., Miller and Glenn, JJ., concur.