■ 2246 HOLDING CORP., Respondent, v MARIA JIMENEZ NOLASCO, Appellant. [860 NYS2d 516]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered June 1, 2007, which reversed an order of Civil Court, New York County (Louis Villella, J.), entered October 10, 2006, that had granted respondent's motion to stay execution of a warrant of eviction, unanimously reversed, on the law and the facts, without costs, and the Civil Court order reinstated to the extent of staying execution of the warrant for 60 days from service of a copy of this order, to permit payment of all outstanding arrears.

Respondent was a 30-year tenant in a building owned by petitioner, who commenced this summary holdover proceeding for possession of the apartment on the basis of chronic nonpayment of rent. In March 2006, the parties entered into a stipulation, so ordered by the court, settling the proceeding. The stipulation required respondent, inter alia, to pay the arrears and $1,000 in legal fees by the following month, with "time . . . of the essence for payment." The agreement also noted that respondent had provided petitioner with an approval letter from the Human Resources Administration (HRA) authorizing payment of the arrears, and permitted a 10-day delay in payment, if necessary, for HRA to issue a check.

In May 2006, respondent proffered her portion of the arrears, which petitioner refused. In June, she obtained an order staying execution of a warrant of eviction through the 23rd of the month, after HRA failed to issue a check for the arrears. The court also awarded petitioner additional legal fees. In July respondent obtained another stay of execution until the end of August, on the same ground. HRA finally issued the check at the end of August, but petitioner refused to accept it on the ground that it was untimely.

In October 2006, respondent obtained yet another stay through the end of November for the payment of the legal fees assessed by the court. Civil Court held that this 30-year

resident's defaults were largely the result of HRA's delay in issuing benefits, which she had sought early in the proceedings, and respondent was able to produce her portion of the arrears prior to the August due date mandated by the court's July order. On petitioner's appeal, Appellate Term reversed on the ground that respondent had repeatedly failed to comply with the "time is of the essence" payment terms of the settlement agreement.

It is a well-settled principle of equity that courts do not look favorably upon the forfeiture of leases (*Sharp v Norwood*, 223 AD2d 6, 11 [1996], *affd* 89 NY2d 1068 [1997]). The policies underlying the rent stabilization laws are generally better served by holding out to a tenant the opportunity usually afforded in a nonpayment proceeding to cure the breach of his rent obligations (*Park Summit Realty Corp. v Frank*, 107 Misc 2d 318, 323 [App Term 1980], *affd* 84 AD2d 700 [1981], *affd* 56 NY2d 1025 [1982]).

Respondent's multiple defaults were largely the result of a delay in payment by HRA. Petitioner was aware, at the time of the settlement, that a portion of the amount due was to be paid by HRA. An indigent tenant who resides in an apartment for many years should not be evicted where she has made diligent efforts to comply with the terms of the settlement agreement, only to be stymied by events beyond her control. Under these circumstances, the decision of the housing court judge was appropriate. Concur—Mazzarelli, J.P., Andrias, Williams and Renwick, JJ. [*See* 15 Misc 3d 142(A), 2007 NY Slip Op 51099(U).]