■ CHELSEA 19 ASSOCIATES, Respondent, v WARREN JAMES, Appellant. [889 NYS2d 564]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered October 9, 2008, which, in a nonpayment summary proceeding, reversed an order of Civil Court, New York County (Peter M. Wendt, J.), entered on or about July 27, 2007, granting respondent tenant's motion to vacate a default judgment and warrant of eviction, denied the motion and reinstated the default judgment and warrant of eviction, unanimously affirmed, without costs.

The parties' so-ordered stipulation of settlement of October 31, 2006 provided that upon tenant's failure to pay certain monies by December 31, 2006, landlord, upon notice, could restore the case to the calendar for entry of a "possessory/money judgment" and issuance of a warrant of eviction. Tenant does not dispute that he failed to make timely payment of the monies due under the stipulation, and, in April 2007, Civil Court, upon tenant's failure to appear in opposition to landlord's motion, awarded landlord a possessory/money judgment and issued a warrant of eviction. In July 2007, tenant returned to Civil Court tendering all moneys due under the stipulation as well as rent arrears that had subsequently accrued, and seeking vacatur of the judgment and warrant. Civil Court granted tenant's motion, finding that his "delay in payment" had not been "willful or de-

liberate but a result of difficulty in obtaining the funds," and concluding that "[u]nder these circumstances, a forfeiture is not favored, and tenant should be given an opportunity to cure his default." Appellate Term reversed, finding that tenant offered neither an excuse for the default in opposing landlord's motion to enforce the stipulation nor a meritorious defense to the stipulation.

Enforcement of stipulations of settlement, including those in housing court cases, is highly favored by the courts (*see Hotel Cameron, Inc. v Purcell*, 35 AD3d 153, 155 [2006], citing, inter alia, *Hallock v State of New York*, 64 NY2d 224, 230 [1984]). While the court has discretion not to enforce a stipulation of settlement "where there is evidence of fraud, overreaching, unconscionability, or illegality" (*see id.* at 156), tenant's claimed difficulty in obtaining funds does not fall under that rubric. Accordingly, tenant does not show a meritorious defense to the stipulation, his loss of possession is not a forfeiture but "merely the contracted-for consequence" of his noncompliance with the stipulation (*id.* at 155-156 [internal quotation marks omitted]), and Civil Court lacked the discretion not to enforce the stipulation (*see City of New York v 130/40 Essex St. Dev. Corp.*, 302 AD2d 292, 294 [2003]; *see also* RPAPL 749 [3] ["good cause" required to vacate warrant of eviction]).

We also reject tenant's argument that landlord's renewal of tenant's rent-stabilized lease, during the pendency of the appeal before Appellate Term, "vitiated" the warrant of eviction. Landlord was legally obligated under the Rent Stabilization Code to tender the lease renewal (*see* 9 NYCRR 2523.5), "and, as such, cannot be deemed to have waived the right to seek judicial rescission of the lease based on [the tenant's] alleged material breach thereof" (*Waterside Plaza, LLC v Smith*, 12 AD3d 231, 236 [2004]; *see AA Spirer & Co. v Adams*, NYLJ, June 3, 1991, at 27, col 4 [App Term, 1st Dept]).

Motion to modify stay and cross motion for fees and costs denied. Concur—Friedman, J.P., McGuire, Renwick, Richter and Manzanet-Daniels, JJ. **[Prior Case History: 21 Misc 3d 129(A), 2008 NY Slip Op 52013(U).]**