[912 NYS2d 369]

# Harvey 1390 LLC et al., Appellants, v Matthew Bodenheim et al., Respondents.

Supreme Court, Appellate Term, First Department, September 17, 2010

## APPEARANCES OF COUNSEL

*Belkin Burden Wenig Goldman, LLP*, New York City, for appellants. *Matthew Bodenheim*, respondent pro se. *John Cassarino*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Order, dated March 9, 2010, reversed, without costs, and tenants' motion denied. Execution of the warrant of eviction shall be stayed for 60 days after service of a copy of this order, with notice of entry.

While Civil Court may, in appropriate circumstances, relieve a tenant from a default in payment under a stipulation settling a nonpayment summary proceeding (*see 102-116 Eighth Ave. Assoc. v Oyola*, 299 AD2d 296 [2002]; *Parkchester Apts. Co. v Heim*, 158 Misc 2d 982 [1993]; *see also 368 Chauncey Ave. Trust v Whitaker*, 28 Misc 3d 130[A], 2010 NY Slip Op 51254[U] [2010]), circumstances sufficient to warrant such discretionary relief were not shown on this record. The February 26, 2010 short-form affidavit submitted below by tenants failed to adequately explain their failure to comply with the unambiguous payment terms of the October 2009 "so-ordered" settlement stipulation or the ensuing court order. The tenants' apparent difficulty in obtaining funds did not constitute "good cause" required to vacate the warrant of eviction (RPAPL 749 [3]; *see Chelsea 19 Assoc. v James*, 67 AD3d 601 [2009]), at least on this record which contains no indication that tenants made timely efforts to comply with the monetary terms of the settlement agreement, "only to be stymied by events beyond [their] control" (*cf. 2246 Holding Corp. v Nolasco*, 52 AD3d 377, 378 [2008]). We note that, so far as shown, tenants took no steps to obtain the stipulated arrearages through recourse to charitable organizations or otherwise until after the payment due date agreed upon in the stipulation.

McKEON, P.J., SHULMAN and HUNTER, JR., JJ., concur.