OPINION OF THE COURT
Per Curiam.
Orders, dated January 14, 2010 and January 25, 2010, affirmed, with one bill of $10 costs.
Pursuant to the so-ordered stipulation settling this nonpayment summary proceeding, landlord was awarded a judgment of possession and a recovery of rent arrears in the amount of $3,600. The stipulation provided for the warrant of eviction to issue “forthwith,” with execution of the warrant stayed on condition that tenant comply with a specified payment schedule. The stipulation provided that, upon tenant’s default in complying with the payment schedule, landlord could execute on the warrant.
While tenant was evicted for failing to comply with the payment schedule, the record demonstrates that, following the execution of the stipulation, he promptly and diligently applied to the New York City Human Resources Administration (HRA) for emergency rent relief, and when HRA denied his initial application, he promptly applied for relief from a charitable organization. After obtaining partial relief from the charitable organization, tenant was then successful when he reapplied to HRA for the remainder of the arrears (cf. Harvey 1390 LLC v Bodenheim, 29 Misc 3d 77 [App Term, 1st Dept 2010]; Diagonal Realty LLC v Gil, 29 Misc 3d 126[A], 2010 NY Slip Op 51690[U] [2010]). In view of tenant’s diligence during the short period of time at issue, the long-term nature of the tenancy and the particular terms of the stipulation, Civil Court providently exercised its discretion in granting tenant’s prompt motions to be restored to possession upon the condition that he pay the full rental arrears due. As the Appellate Division has stated, “[a]n indigent tenant who resides in an apartment for many years *22 should not be evicted where [he] has made diligent efforts to comply with the terms of the settlement agreement, only to be stymied by events beyond [his] control” (2246 Holding Corp. v Nolasco, 52 AD3d 377, 378 [2008]; cf. Chelsea 19 Assoc. v James, 67 AD3d 601 [2009]).
We note that tenant’s inability to comply with the court’s first order requiring payment within six days was occasioned by a one-day processing delay by HRA; that tenant instituted the second order to show cause on the deadline date; and that tenant tendered the full amount due on the return date of his second order to show cause (see 2246 Holding Corp., supra).
Hunter, Jr., J.E, McKeon and Shulman, JJ., concur.