Weston, J.E
(dissenting and voting to affirm the order in the following memorandum). In my view, the Civil Court acted well within its discretion in refusing to excuse tenant’s lateness in making payment pursuant to the terms of the probationary stipulation settling this chronic-nonpayment holdover proceeding (see M & B Lincoln Realty Corp. v Lubrun, 4 Misc 3d 129[A], 2004 NY Slip Op 50668[U] [App Term, 2d & 11th Jud Dists 2004]). Accordingly, I respectfully dissent and vote to affirm.
It is well established that stipulations of settlement “are favored by the courts and not lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984]). “Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation” (id.).
Here, tenant offered no valid excuse for her failure to honor the terms of the so-ordered probationary stipulation. After facing four nonpayment proceedings within an 18-month period, tenant negotiated a binding stipulation of settlement whereby she agreed to pay use and occupancy no later than the fifth day of each month, and no later than the tenth day of the month “on no more than 2 occasions.” Less than a month later, tenant was late tendering her very first payment under the probationary stipulation. Although the majority notes that tenant was entitled to two late payments under the stipulation, the stipulation nevertheless made clear that any late payment was to be tendered no later than the tenth day of the month. By tendering payment on the fourteenth day of the month, tenant could *24 hardly be considered to have “substantially complied” with the stipulation, especially where she had a history of chronic nonpayment. Indeed, tenant’s failure to abide by the stipulation from its inception evinces a complete disregard of its terms.
Nor should tenant’s noncompliance be excused by the fact that the stipulation did not contain a provision that no default would be considered de minimis. Nothing in the law requires the presence of such language to uphold the validity of a stipulation. To conclude otherwise, as the majority does, would permit some tenants to evade the consequences of a binding stipulation and discourage landlords from ever entering into stipulations without the inclusion of such language. Since tenant failed to tender payment pursuant to the terms of the stipulation, and there is no basis in law to excuse her failure, the Civil Court properly denied tenant’s motion to stay the execution of the warrant of eviction (see Chelsea 19 Assoc. v James, 67 AD3d 601 [2009]).
Accordingly, I vote to affirm the Civil Court’s order.
Pesce and Rios, JJ., concur; Weston, J.P, dissents in a separate memorandum.