Order of the Appellate Term of the Supreme Court, First Department, entered September 17, 2010, which, in a summary nonpayment proceeding, reversed an order of the Civil Court, New York County (Arlene H. Hahn, J.), entered on or about March 9, 2010, granting respondent-appellant tenant’s motion to vacate the judgment to the extent of staying execution of a warrant of eviction for 15 days, unanimously reversed, on the law, without costs, and the Civil Court order reinstated to the extent of staying execution of the warrant of eviction for 15 days from service upon petitioners-respondents of a copy of this order, to permit payment of any outstanding arrears.
Although enforcement of stipulations of settlement is favored (Chelsea 19 Assoc. v James, 67 AD3d 601, 602 [2009]), a court always retains the power to vacate a warrant of eviction prior to its execution for “good cause shown” (RPAPL 749 [3]; see Matter of Brusco v Braun, 84 NY2d 674, 682 [1994]; 102-116 Eighth Ave. Assoc. v Oyola, 299 AD2d 296 [2002]; Parkchester Apts. Co. v Scott, 271 AD2d 273, 273-274 [2000]). In fact, the court is permitted, in appropriate circumstances, to vacate a warrant of eviction and return a tenant to possession even after the warrant has been executed (Matter of Brusco, 84 NY2d at 682). A determination as to whether good cause exists is entrusted to the sound discretion of the court upon review of the particular facts and circumstances presented (see 102-116 Eighth Ave. Assoc., 299 AD2d at 296).
*665 We find that Civil Court did not abuse its discretion in finding good cause to stay the execution of the warrant for a short period to allow this longtime rent-stabilized tenant to pay his remaining arrears. The tenant demonstrated that he approached charities and agencies to obtain assistance, tendered almost all of the payment due, and showed that he would soon receive enough charitable assistance to satisfy the arrears (see Parkchester Apts., 271 AD2d at 273-274 [court properly exercised its discretion to vacate a warrant of eviction where, inter alia, the tenant had made appreciable payments and included with his motion payment exceeding the arrears due]).
Contrary to petitioners’ view, our decision in Chelsea 19 (67 AD3d 601 [2009]) does not require a different result. In that case, we declined to vacate a default judgment and warrant of eviction for a tenant who had a history of “extensive and unexplained rent defaults” (Chelsea 19 Assoc. v James, 21 Misc 3d 129[A], 2008 NY Slip Op 52013[U] [App Term, 1st Dept 2008], affd 67 AD3d 601 [2009]), and failed to appear in opposition to the landlord’s motion for issuance of a warrant of eviction. When the tenant subsequently sought to vacate the judgment, he provided no “excuse whatsoever” (id.), let alone a reasonable excuse, for his default. Moreover, he failed to pay the amounts due under the stipulation of settlement, as well as subsequently accruing rent arrears, for more than six months, at which time he made full payment. Under those circumstances, the Chelsea 19 tenant’s “claimed difficulty in obtaining funds,” standing alone, did not provide good cause to vacate the warrant (67 AD3d at 602).
Here, the tenant did not sit idly by or fail to appear, resulting in entry of judgment by default. Instead, he made partial payments, engaged in good faith efforts to secure emergency rental assistance to cover the arrears and, at the time Civil Court stayed execution of the warrant, owed less than a month’s rent, which was forthcoming from a charity (see Bushwick Props., LLC v Wright, 34 Misc 3d 135[A], 2011 NY Slip Op 52389[U], *1-2 [App Term, 2d, 11th & 13th Jud Dists 2011] [warrant stayed where the tenant diligently applied to organizations for the arrears and belatedly received a commitment letter for the full amount of the arrears]).
We note that nothing in Chelsea 19 abrogates a court’s authority, in the exercise of its discretion, to vacate a warrant of eviction based on a showing of good cause. Nor does the case stand for the proposition that a court may never consider a tenant’s difficulty in obtaining funds when determining, under all the circumstances, whether good cause exists to stay an eviction *666 warrant. These cases involve fact-sensitive inquiries, and must be decided after review of all the circumstances, including the extent of the delay, the length and nature of the tenancy, the amount of the default and the particular tenant’s history, as well as a balancing of the equities of the parties (see Parkchester Apts. Co. v Heim, 158 Misc 2d 982, 983-984 [App Term, 1st Dept 1993]). Concur — Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.
Leave to file amicus curiae brief denied. [Prior Case History: 29 Misc 3d 77.]