OPINION OF THE COURT
Frank J. LaBuda, J.
This court previously awarded petitioner a money judgment and warrant of eviction in this matter, both dated September 18, 2012. By notice dated September 21, 2012, respondent timely filed a notice of appeal of both the judgment and warrant.[1]
By order to show cause, dated September 24, 2012, this matter came on for oral argument on October 2, 2012, on respondent’s motion for a stay of the execution of the judgment and warrant of eviction pending appeal, and for an order fixing an undertaking to be fixed by the court and filed by respondent pursuant to CPLR 5519.
During oral argument on October 2, 2012, respondent urged the court to set the undertaking at $40,920, an amount equal to 12 months of the monthly rent amount from the long-expired 2010-2011 written lease between the parties, to be paid in monthly installments. Respondent based this amount on his understanding of CPLR 5519 (a) (6).
Petitioner counter-argued that the undertaking should include the fair market rental value of $7,000 per month of the subject property, plus the money judgment, plus incidental operating costs, plus diminution in the value of personal property located on the subject property, plus 9% per annum inter *256 est, totaling $179,065.88. Petitioner argued both the money judgment and fair market value of the property must be included in the undertaking pursuant to CPLR 5519 (a) (7)— combining (a) (2) and (6).
This court agrees with petitioner, insofar as both the fair market value of the property and the money judgment must be included in the undertaking, pursuant to CPLR 5519 (a) (7), but rejects both dollar figures suggested by the parties.
First, the undertaking is to be posted in one lump sum in accordance with CPLR 5519. Even if the court had discretion to direct otherwise, it would not; respondent has failed in every respect to comply with the terms and conditions of both written leases, has failed to make monthly and other required payments in a timely fashion (or at all) while as a holdover tenant, has failed to make payments despite repeated promises to do so, and has failed to comply with this court’s previous orders. The respondent has, in all respects, exhibited bad faith, and has shown great disregard for the court’s orders. While placing the subject property in danger of tax foreclosure, and now foreclosure on the mortgage, by continuously failing to make payments as promised or directed, respondent has continued to operate a very successful and profitable business on the subject property and has refused to vacate, but has also refused to pay rent or costs as previously agreed to by the parties and directed by the court.[2]
Second, while the enforcement of the September 18, 2012 judgment and warrant of eviction are stayed pending appeal by respondent, respondent shall post an undertaking, in one lump sum, in the amount of $135,683.88. This sum is comprised of the following: the money judgment of $49,837.93; mortgage, taxes and insurance for 12 months of $52,642.69; incidental operating costs associated with maintenance for 12 months of $12,000; diminution in value of the personal property used for the business but not attached to the real property for 12 months of $10,000; and 9% per annum ($124,480.62 plus 9%).
Third, respondent shall post the undertaking within seven days from the date of this order or this court will entertain a motion by petitioner to vacate the stay and have respondent *257 removed from the subject property pursuant to the warrant of eviction.
Fourth, petitioner may make application to the court to withdraw funds from the undertaking for the purpose of paying the mortgage, taxes, insurance, and maintenance of the subject property as needed. When permitted, said funds will be released to petitioner’s attorneys’ escrow account to be disbursed in accordance with the court’s direction.
Based on the foregoing, it is ordered that respondent shall post with the Clerk of Court an undertaking in the amount of $135,683.88, cash or bond, within seven days of the date of this order; and it is further ordered that respondent shall serve a copy of the undertaking and notice of filing said undertaking on petitioner’s attorney within five days of said filing; and it is further ordered that in the event respondent-appellant fails to file said undertaking and serve notice and a copy of said undertaking in the manner ordered by this court within the time period so ordered, petitioner may move this court for an order vacating the stay; and it is further ordered that petitioner may make application to this court, on an as needed basis, to withdraw funds from the undertaking for purposes specified in the “Fourth” paragraph, above.

. Respondent also erroneously filed a notice of appeal dated September 13, 2012, in an attempt to appeal the court’s findings of fact and conclusions of law, dated August 31, 2012.

. For respondent to request to pay the undertaking in monthly installments bordered on frivolous, considering respondent’s conduct throughout these proceedings and his repeated failure to comply with court orders and payment obligations.