Shulman, J.P.
(concurring). I join my colleagues in voting to affirm the order under review, so as to preserve the rent-stabilized tenancy here involved. Weighing all of the relevant factors (see Harvey 1390 LLC v Bodenheim, 96 AD3d 664, 666 [2012]; Parkchester Apts. Co. v Heim, 158 Misc 2d 982, 983-984 [1993]), I am not prepared to say that the motion court abused its discretion as a matter of law in determining that “good cause” (RPAPL 749 [3]) sufficient to vacate the warrant of eviction was shown on this record (see Bodenheim, 96 AD3d 664 [2012]; cf. New York City Hous. Auth. v Torres, 61 AD2d 681 [1978]). Granted, the good cause issue may be viewed as a close *105 one, given the competing circumstances disclosed in the record — including on the one hand the elderly, infirm tenant’s eventual tender of the full amount (roughly $8,400) of the rent arrears due landlord and the absence from the parties’ settlement stipulation of any time of the essence or similar “hell or highwater” payment clause, and on the other hand the motion court’s own stated skepticism over the tenant’s ability to meet her rental obligations going forward. In the end, however, I agree that due deference to the motion court’s discretionary determination in favor of the tenant is warranted.
While fully recognizing the usefulness, in appropriate cases such as this, of the flexibility provided by the Bodenheim holding, I encourage the judges at nisi prius to remain mindful that the type of “fact-sensitive” (at 666) inquiry prescribed therein should not, in its application, serve to erode certainty and predictability in this high-volume area of residential landlord-tenant law or allow settlements, absent the requisite good cause showing, to become “gateways to litigation” (Denburg v Parker Chapin Flattau & Klimpl, 82 NY2d 375, 383 [1993]).
Hunter, Jr. and Torres, JJ., concur; Shulman, J.P., concurs in a separate opinion.