Casa Pasiva HDFC v Machado (2024 NY Slip Op 24010)

[*1]

Casa Pasiva HDFC v Machado

2024 NY Slip Op 24010

Decided on January 16, 2024

Civil Court Of The City Of New York, Kings County

Weisberg, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on January 16, 2024
Civil Court of the City of New York, Kings County

Casa Pasiva HDFC, Petitioner,

against
Rolando Machado, Respondents.

Index No. 77493/19

Michael L. Weisberg, J.

The following e-filed documents, listed by NYSCEF document number 76-77 (motion no. 6) were read on this motion for a stay of eviction.
This nonpayment summary eviction proceeding concerns a rent-stabilized and low-income housing tax credit apartment building reserved for low- and moderate-income families. It is effectively owned by Riseboro Community Partnership,[FN1]
a non-profit organization whose stated vision is "to build a city where your zip code does not determine your health outcomes, housing stability, or economic power" (Riseboro Community Partnership, https://riseboro.org/history-mission/ [last accessed Jan. 11, 2024]). Although Respondent Rolando Machado, a senior citizen, has paid his monthly rent of $909.11 for the last fourteen months, he owes over $40,000.00 in rent arrears. Petitioner opposes his motion for a stay of eviction, even though Machado's arrears have not increased and there is no apparent benefit to evicting him.
Background
The proceeding was commenced in late 2019, but as the result of Machado's initial [*2]failure to answer and then the COVID-19 public health emergency, the case first appeared on the court's calendar in early 2021. In June 2021, Machado retained one of the legal services organizations funded by New York City to represent tenants in eviction proceedings (NYSCEF Doc. 16). Machado then applied to the Emergency Rental Assistance Program, which stayed the proceeding until that program paid over $10,000.00 in arrears.
The case next appeared on the calendar in August 2022. Before that appearance, Machado's free legal services attorney moved for leave to be relieved, citing an unspecified "breakdown in communication" (NYSCEF Doc. 51). Machado failed to appear on the return date of the motion, which was granted on default.
In mid-October 2022, the case settled with a newly unrepresented Machado agreeing to pay $43,637.28 as all rent due through that month, by the end of November 2022. Machado defaulted on the agreement (though he did pay rent for November 2022) and Petitioner moved for entry of a judgment and issuance of a warrant of eviction. The motion was granted in February 2023; execution of the warrant was stayed on the condition that Respondent pay the $43,637.28 that was still due (Machado had paid rent for December 2022 through February 2023) by March 6, 2023 (NYSCEF Doc. 69).
Machado has continued to pay his rent each month but has not paid the arrears. He seeks a stay of his eviction, alleging that he has applied for rental assistance from the Department of Social Services and that his application has not been decided. His daughter appeared with him in court on the return date of the motion and informed the court that she and her sister (who do not live with him) were just made aware of their father's situation and that they are assisting him with his application to DSS. She stated that his eligibility interview via telephone had taken place a week earlier.
Discussion
There is no question that, having obtained a judgment of possession and warrant for Machado's eviction, Petitioner has the right to evict Machado if he does not pay his rent arrears. But as in other cases over which the court has presided, in which the tenant owes rent arrears as the result of a hardship, but is paying ongoing rent, it does not appear that Petitioner will benefit from enforcing its right to evict. Urging the court to deny Machado a further stay, Petitioner argues that it "should not be penalized by being ordered to further stay the execution of the warrant to allow Respondent more time to fulfill the judgment" (NYSCEF Doc. 77). Exactly how allowing Machado to remain in occupancy and continue to pay the monthly rent would penalize Petitioner is not explained. The impression left is that Petitioner intends to evict Machado because the law allows it, rather than to accomplish a particular purpose.
The court understands that commencement of an eviction proceeding is often used to pressure a tenant to apply for DSS for rent arrears assistance and to pressure DSS to pay the arrears.[FN2]
But going so far as to actually evict Machado decreases the likelihood of Petitioner receiving payment of the $43,637.28 (or some significant portion thereof) that it's owed. If it evicts Machado and rents the apartment to the new tenant, the new tenant is not going to pay [*3]Machado's rent arrears. If Machado is no longer living in the apartment, DSS is not going to pay his rent arrears. Nor, given the regulatory status of the apartment, can Petitioner gain financially by significantly increasing the apartment's rent.
Even if Petitioner will not gain financially by evicting Machado, it may be the case that it believes that Machado, having fallen into significant arrears before, may be more likely to fall into arrears again than the presently unknown future tenant that follows him. Or perhaps Machado is an undesirable tenant for other reasons, and Petitioner wishes to take advantage of this opportunity to evict him now, rather than trying to evict him based on allegations of some kind of objectionable conduct. But Petitioner does not allege any of the foregoing; the court can only assume that they do not apply.
Against the nebulous "penalty" Petitioner claims it will suffer if it cannot evict Machado are several facts that strongly merit in favor of a stay (cf. Matter of Lafayette Boynton Hsg. Corp. v Pickett, 135 AD3d 518 [1st Dept 2016]; Harvey 1390 LLC v Bodenheim, 96 AD3d 664 [1st Dept 2012]). The rent is less than $1,000.00. Machado is a senior citizen. His rent has been paid for the last fourteen months. The apartment is rent-stabilized and subject to a low-income housing tax credit. His application for rent arrears assistance with DSS is pending. Under these circumstances, the court will stay Machado's eviction.
Delays in the processing of rent arrears applications by DSS are well known, particularly post-COVID (see e.g. David Brand, NYC Denying Emergency Rent Loans With a Flurry, Even as Evictions Rise, Gothamist, July 11, 2023, https://gothamist.com/news/nyc-denying-emergency-rent-loans-with-a-flurry-even-as-evictions-rise). Worse still, at least from the court's perspective, DSS does not communicate effectively. Not only do tenants regularly report that they are in the dark regarding the application process and the status of their application, but there is almost no communication between DSS and the court. This is particularly problematic because most cases involving nonpayment of rent are like this one and require the court to decide whether a tenant's time to pay their rent arrears should be extended (see 1106 Remsen Realty, LLC v Hayden, 77 Misc 3d 1235[A], 2023 NY Slip Op 50102[U], *1 n 2 [Civ Ct, Kings County 2023] [noting that few attorneys representing landlords "operate under the assumption that the arrears will be paid by the agreed upon date, and most will readily acknowledge that the tenant's time to pay will be extended, often with the landlord's agreement"]). Even for tenants represented by one of the many attorneys funded by DSS to represent tenants and prevent their eviction, the court has repeatedly found that DSS provides woefully minimal assistance when it comes to arming those attorneys with the information they need to persuasively argue for a stay.
Because of this, the court will not simply stay Machado's eviction. Civil Court Act 110(d) was amended in 2019 to empower the court to join DSS as a party "in any action or proceeding in which the payment of rent by a recipient of or applicant for public assistance pursuant to the social services law is at issue." The court will join DSS to this one and require it to appear to discuss Machado's application.
Accordingly, it is ORDERED that the motion is granted as set forth below; and it is further
ORDERED that execution of the warrant is stayed on condition that Machado pay ongoing rent and pay $43,637.28 (as all rent due through December 2023) by March 15, 2024; and it is further
ORDERED that, on the court's own motion, the Department of Social Services is joined as a party-respondent to this proceeding, and the caption shall be amended accordingly; and it is [*4]further
ORDERED that Petitioner shall serve a copy of this decision/order and a copy of the notice of petition and petition on DSS within seven days of this decision/order being uploaded to NYSCEF; and it is further
ORDERED that the parties shall appear for a conference in Part R/Room 403 on February 22, 2024, at 10:30 AM; and it is further
ORDERED that at the conference an individual from Petitioner, who has decision-making power, shall appear and be prepared to explain to the court how it will be penalized by a further stay if Machado continues to pay ongoing rent
This is the court's decision and order.
Dated: January 16, 2024
________________________________
Michael L. Weisberg, JHC

Footnotes

Footnote 1: According to a Declaration of Interest and Nominee Agreement filed on ACRIS, Petitioner Casa Pasiva HDFC is the record title holder, while Casa Pasiva LLC holds all beneficial and equitable interest in the property. Both entities have addresses at 217 Wyckoff Ave., Brooklyn, NY, which is also the address of Riseboro Community Partnership. Both entities were signed for by Riseboro vice president Emily Kurtz.

Footnote 2: DSS executives have informed this court multiple times that neither an eviction proceeding, nor a settlement agreement if the proceeding has been started, is not a required predicate for approval for a "one shot deal." The Family Homelessness & Eviction Prevention Supplement requires either an eviction proceeding or issuance of a rent demand.