Gur Assoc. LLC v Convenience on Eight Corp. (2024 NY Slip Op 24095)

[*1]

Gur Assoc. LLC v Convenience on Eight Corp.

2024 NY Slip Op 24095

Decided on March 26, 2024

Civil Court Of The City Of New York, New York County

Tsai, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 26, 2024
Civil Court of the City of New York, New York County

Gur Associates LLC, Petitioner,

against
Convenience on Eight Corporation d/b/a AM PM MARKET, Respondent/Tenant, and BING BONG CANDY SHOP INC., XYZ Corp., JOHN DOE and JANE DOE, Respondents/Undertenants.

Index No. LT-317980-23/NY

Law Office of Marc Scolnick, P.C. (Marc Scolnick and David Kaiser, of counsel), New York City, for respondent Convenience on Eight Corporation d/b/a AM PM Market.
Mark S. Friedlander, New York City, for petitioner.

Richard Tsai, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers NYSCEF Doc No.
Order to Show Cause, Affidavit in Support, Exhibits A-C Memorandum of Law and Affidavit of Service 43-50
Affirmation in Opposition, Exhibit A, Affirmation in Opposition 52-54
In this commercial holdover proceeding based on illegal use of the premises for the [*2]unlicensed retail sale of cannabis, a judgment of possession and money judgment were entered in petitioner's favor against respondents Convenience On Eight Corporation d/b/a AM PM Market (tenant) and Bing Bong Candy Shop Inc. Tenant now moves, by order to show cause, for an order staying execution of the warrant of eviction pending the outcome of an appeal taken from the judgment (Seq No. 002). Petitioner opposes the motion.
BACKGROUND
By a decision and order dated December 21, 2023, this court denied tenant's pre-answer motion to dismiss and to vacate its default in answering the petition, and the court directed an inquest (NYSCEF Doc. No. 31). 
On January 11, 2024, this court held the inquest. Petitioner appeared and tenant appeared only by counsel. By a decision, verdict, and order dated February 2, 2024, this court granted the petition as against tenant and respondent Bing Bong Candy Shop, Inc. On February 5, 2024, a judgment of possession and money judgment awarding costs and disbursements were entered in petitioner's favor against tenant and respondent Bing Bong Candy Shop, Inc. (NYSCEF Doc. No. 38).
Tenant was served with a notice of eviction dated February 28, 2024 (see respondent's Exhibit B in support of motion [NYSCEF Doc. No. 46]).
On March 6, 2024, tenant e-filed a notice of appeal of the judgment (NYSCEF Doc. No. 41).[FN1]
 On March 11, 2024, tenant e-filed the order to show cause now pending before this court, which another judge of the Civil Court signed and made returnable on March 21, 2024 (NYSCEF Doc. Nos. 43-49).
On March 21, 2024, this court heard oral argument of tenant's motion on the stenographic record (Matthew Sedacca, court reporter).
DISCUSSION
Tenant seeks a discretionary stay of the eviction pursuant to CPLR 2201 and RPAPL 749 (3). In the alternative, tenant requests the court to fix the amount of an undertaking so that tenant may obtain a stay as of right pursuant to CPLR 5519 (a) (6).
A Discretionary Stay pursuant to CPLR 2201 and RPAPL 749 (3)
Tenant argues that a stay should be granted because this case involved novel issues of first impression (tenant's memorandum of law at 5-6). 
Petitioner argues that the balance of the equities lies in the petitioner's favor. Petitioner appears to argue that, because tenant defaulted in answering the petition, the harm which tenant would suffer would not outweigh the harm to petitioner, which could be exposed to civil and criminal liability if the unlicensed retail sale of cannabis were allowed to continue on the [*3]premises pending the appeal.
The branch of tenant's motion for a discretionary stay pursuant to CPLR 2201 and RPAPL 749 (3) is denied. 
When a party seeks to stay enforcement of a judgment for the purpose of taking and perfecting an appeal, "CPLR 2201 has little role because CPLR 5519 addresses this problem directly" (Patrick M. Connors, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C2201:9). To the extent that a discretionary stay pursuant to CPLR 5519 (c) is unavailable due to a defective appeal, CPLR 2201 could conceivably apply, as it is a "catch-all provision" (see id., C2201:4). However, given that the stay is sought in connection with an appeal, the analysis should be the same as a discretionary stay sought pursuant to CPLR 5519 (c). 
"The fact[or]s the court will consider in determining a stay motion include the apparent merit or lack of merit of the appeal, the harm that might result to the appellant if the stay is denied, and the potential prejudice to the respondent if the stay is granted" (Davies, New York Civil Appellate Practice § 9:4 [3d ed 8 West's NY Prac Series 2023]; 1 Newman, New York Appellate Practice § 6.04 [2023]).
Here, tenant has not established a likelihood of success on the merits of the appeal. Neither do the equities lie in tenant's favor. Thus, a stay pursuant to CPLR 2201 is denied.
Pursuant to RPAPL 749 (3), the court retains the power to stay a warrant for good cause shown prior to the execution thereof (see Harvey 1390 LLC v Bodenheim, 96 AD3d 664, 664 [1st Dept 2012]). "A determination as to whether good cause exists is entrusted to the sound discretion of the court upon review of the particular facts and circumstances presented" (id.). "These cases involve fact-sensitive inquiries, and must be decided after review of all the circumstances, including the extent of the delay, the length and nature of the tenancy, the amount of the default and the particular tenant's history, as well as a balancing of the equities of the parties" (id. at 666).
Here, tenant has not shown good cause to stay the warrant of eviction, for the same reasons why a stay was denied under CPLR 2201. Thus, a stay pursuant to RPAPL 749 (3) is denied.
B. Stay based on an undertaking pursuant to CPLR 5519 (a) (6)
CPLR § 5519(a) (6) states, in pertinent part:
"(a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
* * *
6. the appellant or moving party is in possession or control of real property which the judgment or order directs be conveyed or delivered, and an undertaking in a sum fixed by the court of original instance is given that the appellant or moving party will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party shall pay the value of the use and occupancy of such property, or the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of [*4]possession of the property."
"CPLR 5519 (a) (6) is broad in scope and by its very terms applies not only to non-payment proceedings but to a much broader range of real estate actions" (APF 286 MAD LLC v RIS Real Properties, Inc., 43 Misc 3d 1203[A], 2014 NY Slip Op 50485[U] [Civ Ct, NY County 2014] [internal citations omitted]). CPLR 5519 (a) is applicable to judgments entered in residential and commercial holdover proceedings (see Andrada Owners Corp. v DiGrazia, 38 Misc 3d 1219[A], 2013 NY Slip Op 50153[U] [Civ Ct, NY County 2013]; see also Mountbatten Equities v Tabard Press Corp., 87 Misc 2d 861, 864 [Civ Ct, NY County 1976] [discussing cases], affd on other grounds 88 Misc 3d 931 [App Term, 1st Dept 1976]). 
"The undertaking may be given, and a copy served, at any time before the expiration of the time for appeal even though notice of appeal has been previously served" (4 NY Jur 2d, Appellate Review § 449; see also Tencza v Hyland, 149 Misc 2d 403, 406 [Sup Ct, Oneida County 1990] [rejecting argument that the conditions required for an automatic stay pursuant to CPLR § 5519(a) need not be perfected during the 30 day period to take an appeal]).
An appeal as of right must be taken within 30 days after service by a party upon the appellant of a copy of the judgment appealed from and written notice of its entry (CPLR 5513; Reynolds v Dustman, 1 NY3d 559, 561 [2003]). Here, the judgment was entered on February 5, 2024 (NYSCEF Doc. No. 38). A notice of appeal was e-filed on March 6, 2024 (NYSCEF Doc. No. 41). However, no notice of entry of the judgment has been filed.[FN2]
 Thus, the time to give an undertaking has not yet run (see e.g. Anthony V. L. v Bernadette R., 178 AD3d 479, 480 [1st Dept 2019]).
Petitioner's counsel appears to argue that tenant is not entitled to appeal from the judgment after inquest because tenant had defaulted in answering the petition.[FN3]
 Consequently, petitioner maintains that tenant should not be entitled to seek an undertaking for an appeal which would be defective on its face (see petitioner's memorandum of law in opposition to motion, at 4).
However, "a showing of merit is not required by CPLR § 5519 (a) (6)" (BP 510 Madison LLC v Prosiris Capital Mgt. LLC, 66 Misc 3d 1210[A], 2020 NY Slip Op 50047[U] [Civ Ct, NY County 2020]; Matter of City of New York [Sanitation Garage, Brooklyn Dist. 3 & 3A-60 Nostrand Ave. LLC], 62 Misc 3d 974, 978 [Sup Ct, Kings County 2019]).[FN4]
 "The only role for [*5]the court under CPLR 5519 (a) (6) is to set the amount of an undertaking" (Matter of City of New York [Sanitation Garage, Brooklyn Dist. 3 & 3A-60 Nostrand Ave. LLC], 62 Misc 3d at 978).[FN5]

At oral argument, neither side requested a hearing to set the amount of the undertaking. 
"The purpose of the undertaking is to prevent the landlord from suffering further loss pending appeal" (Ar-Rahman Found. Inc. v Millat Food Inc., 66 Misc 3d 1228[A], 2020 NY Slip Op 50303[U] [Civ Ct, NY County 2020]). Thus, "[t]he undertaking must cover the use and occupancy for the length of time the appeal is expected to take" (Matter of City of New York [Sanitation Garage, Brooklyn Dist. 3 & 3A-60 Nostrand Ave. LLC], 62 Misc 3d at 979). 
At oral argument, the parties agreed that the amount of rent under the lease is $20,600 per month (see also NYSCEF Doc. No. 32 [paragraph 42 of the rider to lease]). The court agrees with petitioner's counsel that the estimated time for an appeal to be decided is approximately 2 years. 
Contrary to tenant's contention, the undertaking cannot be paid on a monthly basis. As required under CPLR 5519 (a) (6), "the undertaking is to be posted in one lump sum" (EZ-CR Corp. v CR Rest. Rt. 97 Corp., 39 Misc 3d 254, 256 [Sullivan County Ct 2012]; see also Du Jack v Du Jack, 243 AD2d 908, 909 [3d Dept 1997]; CPLR 2501). Accordingly, the undertaking is fixed at $494,400 (i.e., $20,600/month x 24 months).
As required under CPLR 5519 (a) (6), the undertaking is given on condition "that the appellant or moving party [tenant] will not commit or suffer to be committed any waste and that if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, the appellant or moving party [tenant] shall pay the value of the use and occupancy of such property, or the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of possession of the property."
An undertaking, together with any affidavit required by Article 25 of the CPLR, must be filed "with the clerk of the court in which the action is triable, or, upon an appeal, in the office where the judgment or order of the court of original instance is entered, and a copy shall be served upon the adverse party (CPLR 2505). The undertaking is effective "when so served and filed" (id.). 
Because the undertaking does not become effective until both filing and service are completed, the automatic stay pursuant to CPLR 5519 (a) (6) is not triggered until the date of service upon petitioner of the copy of the filed undertaking. 
Finally, the court does not consider a letter from petitioner's counsel e-filed on March 22, 2024 (NYSCEF Doc. No. 55). Tenant's motion was fully argued and submitted on March 21, 2024, and this court did not permit any further submissions.
This amended decision was issued to correct an arithmetic error in the amount of the undertaking in the prior decision and order dated March 25, 2024.
CONCLUSION
Upon the foregoing cited papers, it is hereby ORDERED that respondent Convenience On Eight Corporation D/B/A AM PM Market's motion, by order to show cause, for a stay of the execution of the warrant of eviction (Seq. No. 002) is GRANTED TO THE EXTENT that this court fixes an undertaking pursuant to CPLR 5519 (a) (6), and the motion is otherwise denied; and it is further
ORDERED that the undertaking is fixed in the sum of $494,400, on condition that: (1) respondent Convenience On Eight Corporation D/B/A AM PM Market will not commit or suffer to be committed any waste and (2) if the judgment or order appealed from, or any part of it, is affirmed, or the appeal is dismissed, respondent Convenience On Eight Corporation D/B/A AM PM Market shall pay petitioner Gur Associates LLC the value of the use and occupancy of such property, or the part of it as to which the judgment or order is affirmed, from the taking of the appeal until the delivery of possession of the property; and it is further
ORDERED that, upon service on petitioner Gur Associates LLC of the filing of the undertaking with the Clerk of the Civil Court, all proceedings to enforce the judgment of possession and money judgment, including execution of the warrant of eviction, will be stayed from the date of service of the filed undertaking upon petitioner pending disposition of the appeal; and it is further
ORDERED that all temporary stays as result of this order to show cause are lifted, and the Marshal's notice of eviction may be re-sent by regular mail.
This constitutes the amended decision and order of the court.
Dated: March 26, 2024
New York, New York
ENTER:
RICHARD TSAI, J.
Judge of the Civil Court

Footnotes

Footnote 1: According to NYSCEF, the original notice of appeal was returned for correction, because tenant had used a form that was reserved for pro se litigants. A corrected notice of appeal was received March 8, 2024.

Footnote 2: "In cases subject to electronic filing, the time to appeal begins running when a transmission is received from the NYSCEF (New York State Courts Electronic Filing) System that the notice of entry has been filed by one of the parties. It does not begin running merely upon notification that the order or judgment has been entered" (Davies, New York Civil Appellate Practice § 6:3 [3d ed 8 West's NY Prac Series 2023]).

Footnote 3: As petitioner points out, "[a] judgment resulting from an inquest occasioned by a defendant's nonappearance at trial is a default judgment from which no appeal lies" (1 Newman, New York Appellate Practice § 3.05 [3] [2023]). However, the analysis would not end there, as "review may be had of the proceedings on a contested inquest," limited to the matters which were the subject of contest (id. § 3.05 [2] n 12).

Footnote 4: One commentator has noted, "[P]rotection from an automatic stay in an apparently meritless appeal may also be found in CPLR 5519(c). That subsection authorizes a court from or to which an appeal is taken to "vacate, limit or modify any stay imposed by subdivision (a)" (Richard C. Reilly, 2019 Supp Practice Commentaries, McKinney's Cons Laws of NY, CPLR C5519:2).

Footnote 5: However, if the parties have waived their right to appeal from the judgment, the court cannot be compelled to fix the undertaking (Matter of Eleven Eleven Book Ctr., Inc. v Ribaudo, 86 Misc 2d 17, 19 [Sup Ct, NY County 1976]).