| U.S. Bank, N.A. v Flores |
|---|
| 2024 NY Slip Op 34623(U) |
| October 7, 2024 |
| Justice Court of the Town of Clarkstown, Rockland County |
| Docket Number: Docket No. 23090485 |
| Judge: Michael E. Bongiorno |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

STATE OF NEW YORK: COUNTY OF ROCKLAND
TOWN OF CLARKSTOWN JUSTICE COURT
------------------------------------------------------------------------X
U.S. BANK, N.A. as trustee, on behalf of holders of the
J.P. Mortgage Acquisition Trust 2006-ACC1, Asset Backed
Pass-Through Certificates, Series 2006-ACC1,

                                        Petitioner,

                                                            **DECISION AND ORDER**
        -Against-                                           Docket No. 23090485


VIRGINIO FLORES, GABRIELLA REYES, GERARDO
REYES, ET. AL.

                                        Respondent.
------------------------------------------------------------------------X
BEFORE: HON. MICHAEL E. BONGIORNO
        CLARKSTOWN TOWN JUSTICE

**Attorneys and Law Firms**

Joseph Radano, Esq., McCalla, Raymer, Leibert, Pierce, LLC., for Petitioner

Zev Goldstein, Esq., for Respondents Gabriella Reyes and Gerardo Reyes

**OPINION**

On September 21, 2023, Petitioner filed a Notice of Holdover Petition and Petition to Recover Real Property against Respondents Gabriella Reyes and Gerardo Reyes[1] for the premises located at 3 Knapp Lane, New City, New York 10956. Following prolonged negotiations, on February 22, 2024, the parties reached an agreement and executed a Stipulation of Settlement filed with the Court on that date. In relevant part, Petitioner was awarded a Judgment of Possession, with Respondents required to vacate the premises before August 31, 2024. In the event of default either in payment or vacating, Petitioner could restore the case on eight (8) days notice for a Warrant of Eviction. The Settlement also required Respondents to pay $1,800.00 per month for use and occupancy.

---

[1]Virginio Flores has not lived at the premises for years and is not a party to these motions.

1

On or about August 21, 2024, Petitioner prepared and mailed a Warrant of Eviction which the Court received on August 28, 2024, and signed on September 3, 2024. Subsequently, Respondents submitted an Order to Show Cause moving to vacate the Warrant of Eviction because Petitioner failed to provide the agreed upon 8-days' notice. In response, Petitioner has conceded an error in submitting the application for a Warrant of Eviction and Judgment of Possession without the required 8-day notice and consents to vacating the Court's September 3, 2024, Court order. Since Respondents failed to vacate the premises by August 31, 2024, Petitioner has moved for a new Warrant of Eviction and Judgment of Possession. Respondent opposes the motion, moves to vacate the Stipulation of Settlement, and seeks to restore the petition to its pre-stipulation status and, further, moves to dismiss the petition as defective and for an invalid predicate notice. Both parties have provided the Court with written submissions and consented to the Court deciding this matter based upon those submissions.

Respondent's motion to vacate the September 3, 2024, Warrant of Eviction and Judgment of Possession is GRANTED with the consent of the parties.

Respondent's application to vacate the Stipulation of Settlement is DENIED. A Stipulation of Settlement made in open court by parties represented by counsel and who unequivocally agree to its terms will not be set aside absent a showing that it was the result of fraud, overreaching, mistake or duress, or that its terms were unconscionable. *Hallack v. State of New York*, 64 N.Y.2d 224, 230 (1984); *Neosel Family Trust v. Neosel*, 210 A.D.3d 788 (2d Dept. 2022); *2345 Crotona Gold, LLC v. Dross*, 50 Misc.3d 143(A) (App. Term, 1st Dept. 2016). Additionally, enforcement of a Stipulation of Settlement is within the court's discretion and is generally highly favored. *Chelsea 19 Associates v. James*, 67 A.D.3d 601 (1st Dept. 2009).

2

Here, there are no allegations that the Stipulation of Settlement was procured by fraud, overreaching, mistake or duress, or that its terms were unconscionable. Respondent's only allegation, as admitted by Petitioner, is that Petitioner erred in not providing the 8-day notice called for in the Stipulation. In the meantime, Respondents have benefited from the agreed upon Stipulation and remained in possession of the premises from February 22, 2024, to August 31, 2024, and beyond. While Petitioner erred in not providing 8-day notice before filing an application for a Warrant of Eviction and Judgment of Possession, Respondents have violated the Stipulation by not vacating the premises by August 31, 2024, and have offered not excuse for their failure to comply with the Stipulation. Additionally, affirmative defenses, such as those referred to in Respondent's submissions, including defects in the predicate notice, are waived upon agreement to a Stipulation of Settlement. *448 LLC v. The Butcher's Choice Meat Market*, 62 Misc.3d 149(A) (App. Term, 1st Dept. 2019); *Hernco, LLC v. Hernandez*, 46 Misc.3d 137(A) (App. Term, 2d Dept., 11th and 13th Jud. Dists. 2015). Therefore, Petitioner's failure to provide the 8-day notice does not warrant vacating the Stipulation of Settlement, and Respondent's motion to vacate the Stipulation of Settlement DENIED.

Since enforcement of a Stipulation of Settlement is highly favored, the Court will enforce the Stipulation of Settlement as follows. Respondents have been on notice that Petitioner is seeking a Warrant and Eviction and Judgment of Possession since late August 2024, and that notice was repeated in Petitioner's September 20, 2024, Notice of Cross Motion and in Court on October 1, 2024. However, to make the notice issue clear and to ensure compliance with the Stipulation, the Court is providing Respondents with an additional notice period to October 16, 2024. Petitioner can apply for a Warrant of Eviction and Judgment of Possession *after* that date.

3

The earliest date the eviction may occur is October 31, 2024, and that should be reflected in Petitioner's application.

Lastly, Respondents are required to pay use and occupancy in the amount of $1,800.00 for the months of September and October 2024.

The foregoing constitutes the Decision and Order of this Court.

HON. MICHAEL E. BONGIORNO
TOWN JUSTICE

Dated: October 7, 2024
New City, New York

To:    Joseph Radano, Esq., McCalla, Raymer, Leibert, Pierce, LLC., for Petitioner
Zev Goldstein, Esq., for Respondents Gabriella Reyes and Gerardo Reyes

4