591 Realty, LLC v Jenkins (2025 NY Slip Op 50217(U))

[*1]

591 Realty, LLC v Jenkins

2025 NY Slip Op 50217(U)

Decided on February 24, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 24, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., James, Perez, JJ.

570555/23

591 Realty, LLC, Petitioner-Landlord-Appellant,
against
Jermaine Jenkins, Respondent-Tenant-Respondent.

Landlord appeals from: 1) an order and amended order of the Civil Court of the City of New York, New York County (Karen May Bacdayan, J.), dated, respectively, August 30, 2022 and September 15, 2022, which conditionally granted tenant's motion to be restored to possession of the subject apartment upon his payment of rent arrears, legal fees and other costs totaling $11,548.70, plus the current month's rent by dates certain; and 2) an order (same court and Judge), dated November 29, 2022, denying landlord's motion for leave to renew/reargue the amended restoration order in a nonpayment summary proceeding.

Per Curiam.
Amended order (Karen May Bacdayan, J.), dated September 15, 2022, affirmed, with $10 costs. Appeal from order (Karen May Bacdayan, J.), dated August 30, 2022, dismissed, without costs, as superseded by the amended order. Appeal from order (Karen May Bacdayan, J.), dated November 29, 2022, dismissed, without costs, as taken from nonappealable paper.
Under the particular facts and circumstances of record in this nonpayment summary proceeding, we find no abuse of discretion in the Civil Court's determination vacating the warrant and conditionally restoring the long-term (33-year) tenant to possession of the subject stabilized apartment upon his payment, within 30 days, of the remainder of all rent arrears, eviction costs and legal fees then due landlord (see Matter of Lafayette Boynton Hous. Corp. v Pickett, 135 AD3d 518 [2016]; 102-116 Eighth Ave. Assoc. v Oyola, 299 AD2d 296 [2002]; Parkchester Apts. Co. v Scott, 271 AD2d 273 [2000]; see also Harvey 1390 LLC v Bodenheim, 96 AD3d 664 [2012]), a condition which tenant timely satisfied. "Good cause" (RPAPL § 749 [3]) sufficient to warrant the tenant's restoration to possession was shown by several factors, most notably the tenant's tender of almost all the rent arrears and his demonstration that some of the money orders he purchased and mailed were never received by the landlord, but could be reissued, and that he had applied to an agency to receive financial assistance.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 24, 2025