343 E 173 LLC v Estrella (2025 NY Slip Op 50875(U))

[*1]

343 E 173 LLC v Estrella

2025 NY Slip Op 50875(U)

Decided on May 30, 2025

Civil Court Of The City Of New York, Bronx County

Hassan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 30, 2025
Civil Court of the City of New York, Bronx County

343 E 173 LLC, Petitioner,

against
Angel Dejesus Caba Estrella, Ariel De Jesus Caba Estrella, Miguel Mercado, Respondent(s), John Doe and Jane Doe, Respondent(s)-Undertenant(s).

L&T Index No. 345611-23/BX

Amira Hassan, J.

Recitation as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Number
Order to Show Cause, Affirmations in Support 1 - NYSCEF Doc. No. 19, 20, 26
Exhibits in Support 2 - NYSCEF Doc. No. 21-22
Affirmation in Opposition 3 - NYSCEF Doc. No. 33
Exhibits in Opposition 4 - NYSCEF Doc. No. 34
NYSCEF Court File NYSCEF Doc. No. 1-35
Upon the foregoing papers, Respondent's order to show cause (Seq. 01) is decided as follows:
On November 23, 2023, 343 E 173 LLC (hereinafter "Petitioner") commenced this nonpayment proceeding pursuant to RPAPL 711(2) by petition and notice of petition against Angel Dejesus Caba Estrella, Ariel De Jesus Caba Estrella, Miguel Mercado and John Doe/Jane Doe (hereinafter "Respondents"). See NYSCEF Doc. No. 1-2. The petition sought the sum of $53,782.38 in rent arrears through September 2023 and possession of the rent-stabilized apartment located at 343 East 173rd Street, Apt. 5, Bronx, New York, 10457 ("Subject premises"). On March 25, 2024, Ariel De Jesus Caba Estrella ("Ariel"), filed an answer in person. See NYSCEF Doc. No. 9. The case appeared in the Intake Part on June 20, 2024, and was assigned to resolution Part F to be heard on August 14, 2024. That day, the proceeding was adjourned to September 16, 2024, for Ariel to seek counsel. No Respondents appeared and by [*2]Decision/Order dated September 16, 2024, a final judgment of possession and in the amount of $53,782.38 was entered against Ariel. See NYSCEF Doc. No. 10. A final judgment of possession was entered as to all other non-appearing parties, including as to movant, Angel Dejesus Caba Estrella (hereinafter "Movant"). See NYSCEF Doc. No. 11.
Interestingly, the Legal Aid Society ("LAS") e-filed a notice of appearance on December 9, 2024, on behalf of Angel. See NYSCEF Doc. No. 16. However, the instant motion seeking to vacate Angel's default judgment was not filed for another 80 days, on February 26, 2025, after a notice of eviction dated February 13, 2025, was issued. Movant argues the judgment must be vacated pursuant to CPLR 5015(a)(1) where he can demonstrate both an excuse for defaulting and one or more meritorious defenses to the proceeding. Upon vacatur of the default, Movant seeks leave to interpose an answer, dismissal on his First Affirmative Defense, or partial summary judgment on his Third Affirmative Defense, and a hearing on his First Counterclaim and/or an order to correct as per his Second Counterclaim. Alternatively, Movant seeks a stay of execution for him to address the arrears. As a preliminary matter, the Court will determine whether the judgment should be vacated prior to deciding any other portion of the motion.
Movant confirms that although he received the petition and notice of petition, he cannot read or understand English, so he did not know he had to go to court to file an answer. See NYSCEF Doc. No. 20, ¶ 4. As to his possible defenses, Movant describes a multitude of conditions that are allegedly outstanding in the subject premises. Id, at ¶ 6. Additionally, other defenses in the proposed answer include where shelter payments and Emergency Rental Assistance Payments ("ERAP") received, customarily earmarked, were not specified on the breakdown appended to the rent demand and laches as to rental arrears accumulating since September 2018.
In opposition to vacatur of the judgment, Petitioner highlights that despite having counsel in December 2024, no action was taken until after the notice of eviction was served in February 2025. This inexcusable delay entirely undermines the relief sought in the motion and Movant's argument that he was somehow unaware of how to proceed. Citing to several Second Department Appellate cases, Petitioner argues that inability to read or understand the pleadings due to a language barrier does not constitute an excuse for failure to answer or follow proper procedure. See Matter of Vasquez v City of Newburgh, 35 AD3d 621 (Appellate Division, 2nd Dep't. 2006). Given that Movant does not have a reasonable excuse for their failure to appear or an explanation as to their delay in moving to vacate the default after their attorney filed a notice of appearance, Petitioner urges the court to deny the motion in its entirety. Petitioner's opposition papers address the Movant's proposed defenses and counterclaims as generally lacking merit and that leave to file an answer must be denied as such.
CPLR 5015(a) establishes several grounds for relief from default judgments. CPLR 5015(a)(1) permits courts to remove default judgments when litigants can establish a reasonable excuse for defaulting and can plead a meritorious defense. See CPLR 5015(a)(1); Eugene Di Lorenzo, Inc. v A.C. Dutton Lumber Co., Inc., 67 NY2d 138 (1986). Determinations about the adequacy of proffered excuses are made at the sound discretion of the court. See Carroll v Nostra Realty Corp., 54 AD3d 623 (1st Dep't. 2011). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors." Gecaj v Gjonaj Realty & Management Corp., 149 AD3d 600, 603 (1st Dep't. 2017), quoting Harcztark v Drive Variety, Inc., 21 AD3d 876, 876—877 (2nd Dep't 2005).
While Respondent's default may very well have been not deliberate, there is no ground to [*3]disturb the default judgment due to Respondent's failure to proffer an acceptable excuse for the default, as such the court need not probe into potentially meritorious defenses. Yang v. Knights Genesis Grp., 223 AD3d 639 (Appellate Division, 1st Dep't 2024). There is no explanation nor does the record show why there was an 80-day delay in moving to vacate the default judgment when a review of the NYSCEF file clearly put counsel on notice of entry of the default back in September 2024. Golden Integrity, Inc. v Azog, Inc., 234 AD3d 574, 574—75 (Appellate Division, 1st Dep't. 2025) (The court was correct in denying a motion to vacate default judgment where in part, movant waited 4 months before a motion to vacate the default judgment was filed); see also Agosto v W. Beef Retail, Inc., 175 AD3d 1192 (Appellate Division, 1st Dep't. 2019). The only explanation the Court can glean is that Movant waited for the warrant of eviction to issue prior to filing their motion.[FN1]
This type of practice is frowned upon by the Court because it befuddles the merits.
The portion of the motion seeking a stay of execution of the warrant so that Movant may address the arrears is not adequately supported. The affirmation relies on conjecture arguing that good cause is shown based on counsel's experience that "[Respondent] may qualify for public assistance which may be able to provide some measure of assistance [emphasis added]." See NYSCEF Doc. No. 19, ¶ 76. As per Petitioner's affirmation, the balance of arrears stands at $53,782.38. See NYSCEF Doc. No. 33, ¶ 5. Yet Movant has not established a plan to secure the balance or ongoing ability to pay. Currently, the Court does not find good cause to stay execution of the warrant of eviction. See Harvey 1390 LLC v. Bodenheim, 948 N.Y.S.2d 32 (Appellate Division, 1st Dep't. 2012).
Hence, it is SO ORDERED that Respondent's motion is DENIED in its entirety, ORDERED that the judgment and warrant remain in full force and effect; ORDERED that Petitioner serve a copy of this Decision/Order on Respondent-Movant, with notice of entry and upload proof thereof to NYSCEF within 5 days. A notice of eviction may be served by mail after June 5, 2025, prior to execution.
This constitutes the Decision/Order of the court. A copy of same to be uploaded to NYSCEF.
Dated: May 30, 2025
Bronx, New York
Hon. Amira Hassan
Judge, Housing Court

Footnotes

Footnote 1:A review of the internal case file reveals a note that on the initial August 14, 2024, return date, the matter was adjourned to September and that the Legal Aid Society might be accepting the case.