## HP Tyler's Bronx HDFC, Inc. v De La Cruz

2025 NY Slip Op 30376(U)

January 24, 2025

Civil Court of the City of New York, Bronx County

Docket Number: Index No. LT-325449-24/BX

Judge: Bryant F. Tovar

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

Civil Court of the City of New York
County of Bronx

Index #  **LT-325449-24/BX**



HP TYLER'S BRONX HDFC, INC, AS NOMINEE FOR TY-
LER'S
BRONX,LLC,

                              Petitioner(s)

**Decision / Order**

         -against-
JOSEFINA DE LA CRUZ; "John" "Doe"; "Jane"
"Doe"

                              Respondent(s)

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed | 1, 3-4 |
| Answering Affidavits/ Affirmations | _____ |
| Reply Affidavits/ Affirmations | _____ |
| Memoranda of Law | 2 |
| Other | 5-13 |

Upon the foregoing cited papers, the Decision/ Order on the motion is granted for the following reason(s):

**BACKGROUND AND PROCEDURAL HISTORY**

This is a non-payment proceeding wherein HP Tyler's Bronx HDFC, Inc. as Nominee for Tyler's Bronx LLC ("Petitioner"), sought rent arrears for $5212.00 for the period of January 2021 to July 2024 from Josefina De La Cruz ("Respondent") pursuant to a written lease between the parties for rental of Apartment # 3 ("subject premises") within 934 East 225th Street, Bronx, New York, 10466 ("subject building"). According to the allegations in the petition the subject premises are governed by the rent stabilization code with an additional subsidy administered by the New York City Housing Authority ("NYCHA"), which are subject to the rules of Federal Section 8 housing. The respondent filed a pro se answer on July 26, 2024 alleging the following defenses: The rent or part of the rent has already been paid to the petitioner; there are or were conditions in the apartment and/or the building house which the petitioner did not repair and/or services which the petitioner did not provide  (NY St Cts Elec Filing [NYSCEF] Doc No. 4, answer (self-represented).
.

The respondent now represented by counsel moves for dismissal of the proceeding pursuant to CPLR § 3211 (a)(7) for failure to state a cause of action, in that the petitioner failed to comply with the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), and for failure to comply with the Violence Against Women Act ("VAWA") (34 U.S.C. § 12491). In the alternative, the respondent moves for leave to amend the pro se answer. The petitioner has not filed opposition to the respondent's motion.

**LAW AND ITS APPLICATION**

VAWA provides housing protections to victims of intimate partner violence, which includes domestic violence, dating violence, sexual assault, and stalking. VAWA protects individuals from being denied or losing public housing or rental housing assistance due to incidents or intimate partner violence against them. VAWA protects people from intimate partner violence, which the law cannot be construed or interpreted to allow for a denial or termination in the guise of "good cause".

The relevant portions of 24 CFR §5.2005(a) of VAWA state:

> "A covered housing provider must provide to each of its applicants and each of its tenants the notice of occupancy rights and the certification form as described in this section:…the notice required by (a)(1)(i) of this section and certification form required by paragraph (a)(1)(ii) of this section must be provided to an applicant or tenant no later than at each of the following times: (i) At the time the applicant is denied assistance or admission under a covered housing program; (ii) At the time the individual is provided assistance or admission under the covered housing program; (iii) with any notification of eviction or notification of termination of assistance…"

Accordingly, the petitioner's failure to serve the VAWA notice, and certification form renders this proceeding dismissible (see *Rahman v Lewis*, 84 Misc. 3d 720, 723 [Civ Ct Bronx Cty 2024]).

Section 4024 of the CARES Act, entitled "Temporary Moratorium on Eviction Filings", established two eviction related requirements: First, which applied for 120 days beginning on March 27, 2020, created a temporary moratorium against initiating a legal action against a tenant to recover possession for nonpayment of rent; Second, which commenced at the end of the 120-day temporary moratorium with no expiration date, prohibits a landlord from requiring a tenant to vacate a "covered dwelling" without first issuing a 30-day notice to vacate (30-Day notice to vacate).

The 30-day notice to vacate applies to this non-payment proceeding where the landlord seeks either payment or surrender of the premises. This court adopts and follows the analyses set forth in *Arvada Vil Gardens LP v Garate* (529 P 3d 105 ,2023 CO 24 [Colorado Sup Ct May 15, 2023]) and *Sherwood Auburn ,LLC v Pinzon* ( 24 Wash App 2d 664 ,521 P 3d 212 [ Wash Court of Appeals Dec 5, 2022 ], app den, 1 Wn 3d 1005 ,526 P 3d 848 [Wash Sup Ct April 5, 2023 ]). Accordingly, dismissal is warranted under CPLR§ 3211(a)(1) based on documentary evidence and under CPLR § 3211(a)(7) for failure to state a cause of action because the petition is based on a non-amendable,14-day rent demand.

**CONCLUSION**

The failure to serve the VAWA notice and certification form with the petition is a fatal defect (*see Chinatown Apartments, Inc. v Chu Cho Lam*, 72 AD2d 532, 532 [1st Dept 1979], affd, 51 NY2d 786 [1980]). Further petitioner's failure to comply with 30-day notice to vacate renders the rent demand defective. Accordingly, this constitutes the decision and order of this court.

[* 3]

Date: January 24, 2025



_____
Hon. Bryant F. Tovar
Housing Court Judge

**ENTERED**
**January 24, 2025**
**Bronx**
**Housing Court**

[* 4]