GO HPS LLC v Harris (2025 NY Slip Op 25076)

[*1]

GO HPS LLC v Harris

2025 NY Slip Op 25076

Decided on March 26, 2025

Civil Court Of The City Of New York, Queens County

Guthrie, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 26, 2025
Civil Court of the City of New York, Queens County

GO HPS LLC, Petitioner,

against
Dondre Harris, Respondent.

Index No. L&T 308578/24

Matthew Livits, Esq.
Rosenblum & Bianco, LLP
Rockville Centre, NY
Attorneys for petitioner
Frankie Alaimo, Esq.
Queens Legal Services
Jamaica, NY 
Attorneys for respondent

Clinton J. Guthrie, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant to CPLR §§ 3211(a)(1) and 3211(a)(7):
Papers Numbered
Notice of Motion & All Documents Annexed 1 (NYSCEF #7-11) 
Affirmation in Opposition & All Documents Annexed 2 (NYSCEF #12-14)
Affirmation in Reply & All Documents Annexed 3 (NYSCEF #15-16)
Upon the foregoing cited papers, the decision and order on respondent's motion is as follows.
PROCEDURAL HISTORY
This summary nonpayment proceeding was filed in May 2024. Respondent filed a pro se answer on June 13, 2024. In October 2024, counsel for respondent appeared and filed the instant motion to dismiss. Following the submission of opposition and reply papers, the court heard argument on January 23, 2025 and reserved decision.
[*2]DISCUSSION/CONCLUSION
Respondent's motion is predicated on the argument that petitioner failed to serve a 30-day notice to vacate under the relevant provision of the CARES (Coronavirus Aid, Relief, and Economic Security) Act [15 USC § 9058(c)].[FN1]
Respondent asserts that she lives in a "covered property" subject to the CARES Act because the rents in the building are subject to a regulatory agreement, which constitutes an "Extended Low Income Housing Commitment (ELIHC)" pursuant to provisions of the Internal Revenue Code. Petitioner primarily opposes the motion on the basis that the CARES Act provisions were tied to a "temporary moratorium" that expired when the COVID-19 public health emergency ended. Petitioner asserts that according to the United States Department of Health and Human Services, the COVID-19 public health emergency expired on May 11, 2023 (and cites to a governmental website stating the same). Accordingly, petitioner argues that the 30-day notice requirement incorporated in the CARES Act had also expired when petitioner served its predicate (14-day) notice that serves as a predicate to this proceeding. Petitioner concedes that the subject premises are part of a "covered property" under the statute.
Several courts nationwide have considered whether the CARES Act 30-day notice provision continued to be effective after the "temporary moratorium" on eviction filings incorporated in the statute ended. The majority of courts analyzing the question have held that the notice provision continued to have effect (see Hous. Auth. of the County of King v Knight, 2025 Wash LEXIS 88 [Wash Sup Ct, February 20, 2025] [Holding that the 30-notice provision remains applicable, albeit only to nonpayment of rent notices]; HP Tyler's Bronx HDFC, Inc. v De La Cruz, 2025 NY Slip Op 30376[U], *3 [Civ Ct, Bronx County 2025]; MIMG LXXIV Colonial, LLC v Ellis, 316 Neb 746, 756 [2024] [Noting in concurrence that in the decision on appeal, which was dismissed on mootness grounds, the lower court had enforced the 30-day CARES Act notice requirement]; D.H. v Common Wealth Apts., 331 NE3d 284, 288 [Ind Ct App 2024] ["We . . . hold that the notice provision did not expire with the temporary eviction moratorium."]; In re Arvada Vill. Gardens LP v Garate, 2023 CO 24, ¶ 13 [2023] ["[T]he Notice Provision includes no expiration date. We cannot insert an expiration date where Congress omitted one."]; Olentangy Commons Owner LLC v Fawley, 228 NE3d 621, 633 [Ohio Ct App 2023] ["According to the plain language of the statute, the moratorium provision expired, but the notice provision did not."]). A smaller number of courts, most notably the Iowa Supreme Court, have held otherwise and determined that the 30-day notice requirement only applied to defaults that arose during the temporary eviction moratorium period (see MIMG CLXXII Retreat on 6th, LLC v Miller, 2025 Iowa Sup LEXIS 6 [Iowa Sup Ct, January 24, 2025]) or prior to the expiration of the COVID-19 public health emergency (see Ludwig Prop. Mgmt., LLC v Mitchell, 2024 Minn Dist LEXIS 3535 [Minnesota Dist Ct, April 5, 2024]). 
Upon a review of the foregoing caselaw, this court is persuaded that in the absence of any subsequent legislation by Congress repealing or modifying the CARES Act 30-day notice [*3]requirement, it remains in effect. To the extent that this imposes a requirement that has outlived the emergency conditions that birthed it, the Colorado Supreme Court's observation in Garate is apt: "If Congress made a mistake and intended to include an expiration date for the entirety of section 9058, then it should amend the statute." (Garate, 2023 CO 24, ¶ 16).[FN2]
 Accordingly, as petitioner does not dispute that the subject premises is a "covered property" subject to the CARES Act and because no 30-day notice was served before the commencement of this proceeding, respondent's motion is granted and the petition is dismissed upon petitioner's failure to comply with a required prerequisite for maintaining this proceeding (see Lexington Ct. LLC v Torres, 2024 NY Slip 24297 [App Term, 1st Dept 2024]; Greater Centennial Homes Hous. Dev. Fund, Inc. v Jones, 56 Misc 3d 48, 50 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Starrett City, Inc. v Brownlee, 22 Misc 3d 38, 39 [App Term, 2d Dept, 2d & 11th Jud Dists 2018]; De La Cruz, 2025 NY Slip Op 30376[U], *3).
The clerk shall issue a judgment dismissing the petition (see CPLR § 411). The dismissal is without prejudice. This Decision/Order will be filed to NYSCEF.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Dated: March 26, 2025
New York, New York
HON. CLINTON J. GUTHRIE
J.H.C.

Footnotes

Footnote 1: The relevant section reads: "The lessor of a covered dwelling unit-may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate." (15 USC § 9058(c)(1)). Notably, in following subsection, a 30-day notice to vacate may not be issued until after the 120-day eviction moratorium period commencing on March 27, 2020 expired (see 15 USC § 9058(c)(2)).

Footnote 2: A similar principle has been endorsed by the Court of Appeals in this state, namely that a court should not "give effect to an assumed legislative intent by judicial construction." (Kimmel v State of New York, 29 NY3d 386, 394 [2017]).