217 E. 93 LLC v Edwards (2025 NY Slip Op 25110)

[*1]

217 E. 93 LLC v Edwards

2025 NY Slip Op 25110

Decided on May 9, 2025

Civil Court Of The City Of New York, Kings County

Jimenez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on May 9, 2025
Civil Court of the City of New York, Kings County

217 East 93 LLC, Petitioners,

against
Matrice Edwards, John Doe and Jane Doe, Respondents.

Index No. 317960-23

Novick Edelstein Pomerantz, PC
733 Yonkers Avenue
Yonkers, New York 10704
Attorneys for Petitioner
Brooklyn Legal Services
105 Court Street
4th Floor
Brooklyn, New York 11201
Attorneys for Respondent

Sergio Jimenez, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's order to show cause (Seq. 1) and any other relief as the court may find appropriate:
Papers Numbered
Order to Show Cause (Seq. 1) with affidavits and exhibits 1 (NYSCEF #16-27)
Affirmation in Opposition and exhibits 2 (NYSCEF #28)
The instant motion, respondent's motion seq. 1, seeks a stay of the execution of the warrant of eviction. There are some facts which are not in dispute. The parties reached a two-attorney stipulation on February 15, 2024. This stipulation stated, in part, that respondent would vacate the premises on or before April 30, 2025. The parties had agreed that the petitioner would be entitled to a judgment of possession and a warrant of eviction. This is respondent's first order to show cause seeking any type of relief. Here, they seek to have the court stay the execution of the warrant of eviction until the end of June 2025 for respondent and her family to vacate the premises. Petitioner deftly argues that the court does not have jurisdiction to grant the relief sought as summary proceedings are bound by the specific provisions of RPAPL that prohibit [*2]stays beyond one year rather than more general provisions of the RPAPL and the CPLR that do allow such stays.
The three main, seemingly contradictory, statutes being disputed in the instant motion are: RPAPL §749(3), RPAPL §753 and CPLR §2201. RPAPL §749(3) states, in part that the court has the power to stay or vacate any warrant for good cause prior to the execution thereof. RPAPL §753 says that "the court, on application of the occupant, may stay the issuance of a warrant and also stay any execution to collect the costs of the proceeding for a period of not more than one year" as long as the movant has presented to the court some factors, outlined in the statute, that define good cause. RPAPL §753 further states that the stay requires the deposit of some amounts, determined by the court, for the occupation of the premises for any further stay. The relevant portion of CPLR §2201 sets out that a court may stay proceedings before it, "upon such terms as may be just" without further guidance.
In a similar analogous situation where the service is prescribed in the RPAPL (RPAPL §735) a more specific way than what is outlined in the CPLR (CPLR §308), the more housing specific RPAPL controls (Smith v. Maya, 1999 WL 1037917 [App Term 2d Dept, 2d & 11thJud Dists, 1999]; Fairmont 88 LLC v. Fang Yu, 229 NYS3d 843 [Civ Ct, Queens County 2025]). In this sense, petitioner is correct, while the CPLR applies generally, the RPAPL controls summary eviction proceedings, as such, CPLR §2201 will be considered in this analysis but only as it is subservient both to RPAPL §§749(3) and 753.
The language of both §749(3) and §753 appear to be contradictory, the former having no temporal limitation set forth in the statute, while the latter having a one-year limitation for certain acts.[FN1]
Since both statutes were amended at the same time, June 14, 2019 as part of the amendments and new laws packaged as the HSTPA, the court cannot speak as to a trend line or a direction in which the legislature meant to guide the courts. When looking for guidance, the court naturally gives more weight to laws recently enacted that the weight gives to laws of ancient vintage. Recency in the creation of laws is a relevant factor in determining the intention of the legislature; laws from the 1700 or 1800s may not realistically address the population's needs as well as laws more recently drafted.
Statutory interpretation requires the court begin with the plain language of the statutes (Kimmel v. State of New York, 29 NY3d 286 [2017]; GO HPS LLC v. Harris, 2025 NY Slip Op 25076 [Civ Ct, Queens County 2025]). Here, the plain language of the statutes appears to state that the court may stay any warrant for good cause prior to the execution (§749[3]) with an eye towards factors outlined in the body of §753. The one-year limitation set forth in §753, as stated, allows the staying of the "issuance of the warrant" or "execution to collect the costs of the proceeding." For reasons unknown to the court, the language surrounding the "issuance of a warrant" has been understood in practice to mean "execution." However, in its clear language it does not have that meaning. Here, the warrant has long ago issued and the time bar is irrelevant. [*3]What §753 does not do is mention a time limitation for the execution of a warrant of eviction, that is a request for good cause or hardship as the subject of the court's authority. §753 does refer to both good cause and hardship as part of its analysis whether or not to stay "the issuance of [the] warrant" or execution "to collect the costs of the proceeding." To read into the plain language of §753 that the court is limited in its ability to stay "execution of the warrant" would render the second clause surplusage and without significance (see Matter of Warren A., 53 AD2d 400 [2d Dept 1976]). The inclusion of the second clause ("to collect the costs of the proceeding") renders the plain language of §753 as limited to either the issuance or staying the execution for costs and fees and not a stay sought pursuant to RPAPL §749(3). This would not include a request for a stay under §749(3). While relevant and important in the interpretation of the legislative intent (Matter of Tompkins County Support Collection Unit ex rel. Chamberlin v. Chamberlin, 99 NY2d 328 [2003]), the court need not engage in a deeper analysis of the legislative history of the HSTPA to know that it intended to keep more tenant/occupants in their homes.[FN2]
The court, here, since this is not a request for a stay of the "issuance of the warrant" or execution to "collect the costs of the proceeding," finds that RPAPL §749(3) is the appropriate statute with which to analyze this request.
For the reasons set forth above, the court finds that housing court, under this particular set of facts, does have the jurisdiction to extend the execution of the warrant of eviction as an exercise of its discretion,[FN3]
even after a year. After argument, taking into account the above listed papers and over well-reasoned opposition, the court grants the motion, staying the execution of the warrant of eviction to June 17, 2025 for the respondent to vacate the premises. Upon default all stays are lifted and the warrant may execute after service of the marshal's notice, which may be done by mail with reasonably contemporaneous email notification to respondent's counsel. In this discretionary exercise, the court has considered the health of the respondent, the alleged efforts made to find alternate housing, the presence of school aged children who either have IEPs or are graduating within the next 45 days, the longevity of the proceeding, that this is the first order to show cause submitted, the lack of prejudice attested to by the petitioner, and the relatively modest amount of time sought. To the extent that these factors are considered, the court finds them to constitute good cause. This constitutes the decision/order of the court.
Dated: May 9, 2025
Sergio Jimenez, JHC

Footnotes

Footnote 1:These acts include "issuance of a warrant and also stay any execution to collect the costs of the proceeding." The court cannot state definitively that the use of the phrase "to collect the costs of the proceeding" has a meaning other than fees, which have now been taken out of the jurisdiction of this court by the aforementioned HSTPA. In RPAPL §747(1), the court finds another mention of "costs of the proceeding" which more clearly delineates these as attorneys' fees.

Footnote 2:The legislature could reconcile these two statutes by either removing the second clause of §753 or enacting a time bar on §749(3). However, the court may not legislate in its stead and must remain within the realm of interpretation.

Footnote 3:Even before the HSTPA, appellate courts granted the housing courts a broad ambit of discretion in this type of situation (Harvey 1390 LLC v. Bodenheim, 96 AD3d 664 [1st Dept 2012]).